Clyde EASON, Robert Tacker, Donna S. Tacker, and Arkansas
Game and Fish Commission *v.* Robert FLANNIGAN, Jr.,
Cindy Flannigan, Mike Hook, and Karen Hook

01-507                                              75 S.W.3d 702

Supreme Court of Arkansas
Opinion delivered May 23, 2002

*James F. Goodhart* and *James B. Watson*; and *Snellgrove, Langley, Lovett & Culpepper*, by: *Stanley R. Langley* and *D. Todd Williams*, for appellees.

W. H. "DUB" ARNOLD, Chief Justice. This case involves a quiet-title action. We do not reach the merits raised in the appeal because the trial court's order fails to comply with Arkansas Rule of Civil Procedure 54(b).

Appellees Robert Flannigan Jr., Cindy Flannigan, Mike Hook, and Karen Hook (hereinafter "Flannigan") filed suit against the State of Arkansas, Arkansas Game and Fish Commission (hereinafter "AGFC") in Craighead County Chancery Court, Eastern District. Flannigan requested that title to Lots 1 and 4 of Section 23, Township 15 North, Range 6 East (hereinafter "Lots"), in Craighead County, Arkansas, be quieted and confirmed in Flannigan, that an injunction be issued against AGFC, and that any existing or potential adverse claims to the property be canceled and declared a nullity. AGFC filed a response and counterpetition denying Flannigan's ownership or possession of Lots, and claiming that AGFC had record title ownership of the lots by virtue of United States Bureau of Land Management (hereinafter "BLM"), Patent No. 1238004, issued to AGFC on March 5, 1965, and duly recorded in the records of Craighead County. AGFC also asserted

that it had been in sole and exclusive possession of said Lots since issuance of the patent; that the patent contained a reversionary clause in favor of the United States prohibiting any transfer of title or control of the lands to another; that no conveyance of the lands had ever been made by AGFC; that the property had been listed on the Craighead County tax books in error; and that, as a matter of law, adverse possession could not run against the United States or the State of Arkansas. AGFC prayed that title to Lots be quieted and confirmed in AGFC and that Flannigan be enjoined from exercising or attempting to exercise any ownership rights over the property.

Flannigan replied, denying all of AGFC's allegations and pleading affirmatively that the United States had previously issued a Swamp Lands Patent that covered the Lots and, therefore, had no right, title or interest in the property at the time it issued the patent to AGFC.

At this same time, Flannigan filed a third-party complaint against Clyde Eason, Robert Tacker, and Donna S. Tacker (hereinafter "Eason"), asserting that Eason had conveyed to Flannigan the Lots by warranty deed dated August 13, 1998, guaranteeing good title, and that Eason should be responsible to Flannigan for any damages that they might suffer as a result of the counterclaim by AGFC. Flannigan contended they acquired title from Eason, who acquired title from the Commission of State Land by a limited warranty deed dated September 17, 1992, after the lands had been forfeited for unpaid taxes. Eason answered the third-party complaint admitting that they had previously conveyed the property to Flannigan by warranty deed and that, at the time of the conveyance, they had fee simple title to the property, but denied all other allegations and prayed for dismissal of the complaint.

AGFC filed a motion for summary judgment, or alternatively a motion to join a party necessary for just adjudication, along with supporting briefs asserting that it was entitled to summary judgment in its favor as a matter of law by virtue of its title conveyed through the 1965 Patent from BLM. AGFC asserts that it acquired title by a patent issued from the BLM in 1965. AGFC submitted, also, undisputed evidence that the Lots had been

excluded from the 1856 Swamp Lands Patent cited in Flannigan's Answer to AGFC's counterpetition, and that title had remained in the United States until BLM issued the patent to AGFC in 1965. If summary judgment was not granted, AGFC requested that the trial court order that the United States be joined as a party to the action, as required under Rule 19(a) of the Arkansas Rules of Civil Procedure, since BLM had specifically retained a reversionary interest in the Lots through the 1965 patent and was a necessary party to resolve the ligation.

The trial court decided to take AGFC's motions under advisement and to proceed with submission of additional proof by the parties. Following the trial, the trial court requested the parties to submit posttrial briefs. In AGFC's posttrial brief, AGFC reasserted that Flannigan could not be granted the relief they requested without the joinder of the United States as a defendant, since BLM had clearly reserved certain ownership interests to the subject property in the 1965 Patent issued to AGFC, including reservations of the minerals interest and reversionary interest in the event AGFC failed to comply with the provisions of an approved development and management plan, or otherwise attempted to transfer title or control of the property without the consent of the United States.

The trial court issued a letter opinion in which it found that "the evidence in this case reveals that the predecessors in title to plaintiffs paid the taxes on the lands in question from 1992 forward." Based upon that evidence, the provisions of Ark. Code Ann. § 18-11-102, and the holding in *Horn v. Blaney*, 268 Ark. 597, 597 S.W.2d 109 (1980), the trial court concluded that the title to the property in dispute should be vested in Flannigan. The trial court further stated that the court saw "no need to rule upon the motion to join BLM since the bureau had divested itself of title by virtue of the 1965 patent." The letter opinion was subsequently made a part of the Quiet Title Decree that quieted and confirmed title in the Flannigan's.

Under Ark. R. Civ. P. 54(b), when multiple parties are involved in an action, the lower court may direct the entry of a final judgment as to one or more but fewer than all of the claims

or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. The trial court made no such express determination here. Inasmuch as the trial court's order did not comply with Rule 54(b), no final judgment has been entered and no appeal may be taken.

■ ■ An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000); *Stockton v. Sentry Ins.*, 332 Ark. 417, 965 S.W.2d 762 (1998). See also Ark. R. Civ. P. 54(b). The underlying policy of this rule is to avoid piecemeal appeals. *Koonce, supra.* Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Koonce, supra; Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996). The proceedings in the case before us were flawed because the United States was not given notice of the petition to quiet title, and was not made a party. Arkansas Code Annotated sections 18-60-501-505 (1987) provide the statutory framework for actions to quiet title. Specifically, Ark. Code Ann. § 18-60-503 (1987) provides the procedure by which notification must be given to all persons who claim an interest in the disputed land. The statute reads in pertinent part:

> (a) Upon the filing of the petition [to quiet title], the clerk of the court shall publish a notice of the filing of the petition on the same day of each week, for four (4) weeks in some newspaper published in the county. . . . The petition shall describe the land and call upon all persons who claim any interest in the land or lien thereon to appear in the court and show cause why the title of the petitioner should not be confirmed.

Here, nothing in the record reflects compliance with Ark. Code Ann. § 18-60-503, and because of the failure to give notice to the record owner, neither AGFC nor Flannigan were able to make a *prima facie* case to quiet title.

■ Turning to the third-party complaint against Eason, this court need not address the issue concerning the merits of such

case. The third-party complaint is coupled with the main complaint, therefore is likewise dismissed. Eason will have the opportunity to defend the complaint if future proceedings arise.

■ We conclude that the only disposition that can be made is to dismiss this cause for failure to comply with the dictates of Rule 54(b). Because the record reflects the trial judge did not enter a final order in this matter, we agree with Arkansas Game and Fish Commission that this appeal should be dismissed without prejudice.

Reversed and dismissed.

BROWN, IMBER, and THORNTON, JJ., concur.

ANNABELLE CLINTON IMBER, Justice, concurring. I concur. The trial court's quiet-title decree should be reversed and the case dismissed pursuant to Arkansas Rule of Civil Procedure 19 (2002). Appellees, Robert Flannigan, Jr. Cindy Flannigan, Mike Hook, and Karen Hook, ("Flannigan"), petitioned to quiet title and to enjoin the Arkansas Game and Fish Commission ("AGFC") from any attempt to exercise authority, ownership, or right of possession over the subject lands. Flannigan's prayer for relief requested that "title to this property be confirmed, quieted, and vested in them, *that any existing or potential adverse claims to the property*, particularly any claims of Game and Fish, Defendant herein, *be cancelled and declared a nullity*, for their costs and for all other proper relief." (Emphasis supplied.) Thus, Flannigan sought to quiet title as against all the world and not merely the AGFC.

The trial court's order purports to grant Flannigan *all* the relief that he requested: "title to the property is hereby quieted and confirmed in the Plaintiffs Robert Flannigan, Cindy Flannigan, Mike Hook and Karen Hook; that the claims of all other persons and entities, including the Arkanasas Game and Fish Commission, whatsoever are hereby extinguished and declared null and void." In concluding "that title to the property should be vested in plaintiffs [Flannigan]," the trial court specifically found that the United States Bureau of Land Management ("BLM") "has divested itself of title by virtue of the 1965 patent." The trial

court's ruling in this case does not present an example of a judgment being entered as to one or more but fewer than all the claims or parties under Arkansas Rule of Civil Procedure 54(b). Instead, this case presents an example of the failure to join a necessary party under Ark. R. Civ. P. 19(a) in an *in rem* action.

The trial court's ruling is erroneous because it is based on the faulty premise that BLM need not be joined as a necessary party in an *in rem* proceeding. In this case, BLM retained a reversionary interest if AGFC ever attempted to alienate the land, as well as present possessory rights in the form of easements and encumbrances. For the trial court to be able to grant the relief prayed for, that is, the extinguishment of *all* existing or adverse claims on the property, BLM was indeed a necessary party to the suit under Ark. R. Civ. P. 19(a), which states in pertinent part:

> (a) Persons to Be Joined If Feasible. A person who is subject to service of process *shall be joined as a party in the action* if (1) *in his absence complete relief cannot be accorded among those already parties*, or, (2) *he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest,* [. . .] If he has not been joined, the *court shall order that he be made a party*. If he should join as a plaintiff, but refuses to do so, he may be made a defendant; or, in a proper case, an involuntary plaintiff.

Ark. R. Civ. P. 19(a) (2002)(emphasis supplied). Any party whose absence results in any of the problems identified in either subsections (a)(1) or (a)(2) is a party whose joinder is compulsory if feasible. As already noted, BLM possessed both present and future interests in the property. A holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a court's discretionary determination under Rule 19(b) that the case must be dismissed because joinder of the party is not feasible and the party is indispensable to the just resolution of the controversy. See Ark. R. Civ. P. 19(b) (2002).

It is clear that Flannigan's pleading represents a quiet-title action as against the whole world. However, because the United States has an interest relating to the subject of the action, the trial court lacked jurisdiction to hear this case. A quiet-title action in which the United State has an interest may only be asserted by

virtue of the 28 U.S.C. § 2409(a) (West 2002) and 28 U.S.C. § 1346(f) (West 2002), which provide, respectively, a waiver of sovereign immunity and the establishment of exclusive jurisdiction in the federal district courts. Section 1346(f) states, "[t]he district court shall have exclusive jurisdiction of civil actions under section 2409(a) to quiet title to an estate or interest in real property in which an interest is claimed by the United States." *Id.* Thus, the jurisdiction to hear this action belongs exclusively in the United States District Court. In *California v. Arizona*, 440 U.S. 59 (1979), the United States Supreme Court held that, with respect to quiet-title actions involving land in which the U.S. Government maintains an interest, state courts do not have jurisdiction. The Court stated:

> The legislative history of § 1346(f) is sparse, but the intent of Congress seems reasonably clear. The congressional purpose was simply to confine jurisdiction to the federal courts and to exclude the courts of the States, which otherwise might be presumed to have jurisdiction over quiet-title suits against the United States, once its sovereign immunity had been waived. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502; *Claflin v. Houseman*, 93 U.S. 130, 136. The legislative history shows no intention to divest this Court of jurisdiction over quiet-title actions against the United States in cases otherwise within our original jurisdiction. We find, therefore, that § 1346(f), by vesting "exclusive original jurisdiction" of quiet-title actions against the United States in the federal district courts, did no more than assure that such jurisdiction was not conferred upon the courts of any State.

*Id.* at 66–68. This case should have been filed in federal district court from the outset.

For the above-stated reasons, the trial court's quiet-title decree should be reversed and the case dismissed. The trial court lacked jurisdiction over a quiet-title action seeking to have all adverse claims extinguished, including that of the United States, a necessary party whose interest can only be adjudicated in federal court.

BROWN and THORNTON, JJ., concur.