Denise Kaye CHAPMAN; Jonathan Chapman, *A Minor*;
The Estate of Nathaniel Allen Chapman, *Deceased*; Marlene Fett *v.*
WAL-MART STORES, INC.; Ford Motor Company

02-368                                          89 S.W.3d 906

Supreme Court of Arkansas
Opinion delivered November 21, 2002

*Spencer Law Firm*, by: *Frederick S. "Rick" Spencer*; and *Sandy S. McMath & Associates, P.A.*, by: *Sandy S. McMath*, for appellant.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Leon Holmes, Steven W. Quattlebaum*, and *Thomas G. Williams*, for appellee Wal-Mart Stores, Inc.

W. H. "DUB" ARNOLD, Chief Justice. Appellant Denise Kaye Chapman brings this appeal from Baxter County, Arkansas, Circuit Court alleging that the trial court erred in sustaining a motion by Wal-Mart Stores, Inc., for summary judgment, that the trial court erred in holding that placing a children's horse carousel next to an area determined to pose a pedestrian hazard from intruding vehicles and not extending a protective barrier to include the carousel did not create a question of fact for the jury on the issues of foreseeability and negligence, and that the trial court erred as a matter of law and abused its discretion in failing to certify the case pursuant to Rule 54(b). However, we do not reach the merits of this case because the appeal is not from a final, appealable order as required by Ark. R. Civ. P. 54(b) (2002). We therefore dismiss this appeal for lack of finality.

Because we do not address the merits of this case, we only recite the facts as they pertain to the issue of finality. This case arose from an action involving the wrongful death of six-month-old Nathaniel Chapman and the amputation of two-year-old Jonathan Chapman's leg, which occurred from a store-front collision on June 7, 1995 at the Mountain Home Wal-Mart Store. The children were riding a small horse carousel in front of Wal-Mart when a car accelerated out of control of its driver, an elderly store patron, Marlene Fett. The vehicle sped across the parking lot and struck the carousel, killing Nathaniel and severing Jonathan's right leg.

Chapman brought suit against Marlene Fett and Wal-Mart Stores, Inc., alleging Fett was negligent in failing to maintain control of her vehicle, and that Wal-Mart was negligent in placing a

horse carousel for children in an exposed and unprotected area adjacent to a parking lot. Chapman later filed a second amended complaint adding Ford Motor Company alleging Ford was negligent in a variety of areas concerning the vehicle Fett was driving. Prior to trial, Chapman settled with Fett out of court. Wal-Mart moved for summary judgment on the ground that, as a matter of law, it owed no duty to install barriers between the sidewalk and the parking lot.

The trial court granted Wal-Mart's motion for summary judgment on the ground that the event which killed and crippled Chapman's children was unforeseeable *per se*. Chapman moved for reconsideration or, in the alternative, for certification of an interlocutory appeal pursuant to Rule 54(b). The trial court denied the motion and refused to certify the judgment as final. Chapman has not dismissed her claims against Ford Motor Company, nor has any final judgment been entered on those claims.

*Rule 54(b)*

Arkansas Rule of Civil Procedure 54(b) states:

> (1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based. . .

> \* \* \*

> (2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form

of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b).

■■ This court has held that, without certification, this court lacks jurisdiction and the order is not appealable. *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002); *Eason v. Flannigan*, 349 Ark. 1, 75 S.W.3d 702(2002); *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000); *Stockton v. Century Ins.*, 332 Ark. 417, 965 S.W.2d 762 (1998). The policy reason behind the rule is to avoid piecemeal appeals. *Eason, supra.* Even though an issue might be an important one, if the decision does not conclude the merits of a case, then an appeal would be premature, *Id.* As this court stated in *Dodge*, "although Rule 54(b) provides a method by which the trial court may direct entry of final judgment as to fewer than all of the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final and we must dismiss the appeal." *Id.*

■ Chapman argues that this court has jurisdiction under Rule 2 of the Arkansas Rules of Appellate Procedure—Civil, which states in part:

(a) An appeal may be taken from a circuit court to the Arkansas Supreme Court from:

1. A final judgment or decree entered by the circuit court

2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action

11. An order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, *if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims or parties and has made an express determination, supported by specific factual findings, that there is no just reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure*

Italics added. Ark. R. App. P.—Civ. 2. However, the execution of the certificate as required by 54(b) is lacking in this case. Therefore, under the plain language of Rule 2, the lack of certification bars an appeal of the order.

In the instant case, Chapman brought action against Wal-Mart, Fett, and Ford Motor Company. The trial court granted Wal-Mart's motion for summary judgment, and Chapman has settled her claim against Fett. The claim against Ford Motor Company has not been resolved, and therefore the trial court refused to certify its order that dismissed the case against Wal-Mart with prejudice because the case against Ford Motor Company has not been adjudicated and the claims are still pending. Without the trial court's certification of its judgment, there is no final judgment, and without a final and appealable order, this court lacks jurisdiction pursuant to Rule 54(b).

Appeal dismissed.

CORBIN and IMBER, JJ., not participating.