Sharon CRAIN *v.* Naomi Leomia Winston BURNS

CA 02-865                                    112 S.W.3d 371

Court of Appeals of Arkansas
Division IV
Opinion delivered May 7, 2003

*The Mosby Law Firm,* by: *Lori A. Mosby,* for appellant.

*Graddy & Adkisson, P.A.,* by: *Larry E. Graddy,* for appellee.

JOHN MAUZY PITTMAN, Judge. On January 15, 2002, the appellee, Naomi Burns, filed a petition to quiet title asserting that she had obtained title by adverse possession to certain land in Faulkner County, Arkansas, and praying that an order be entered confirming her title to the described land. A large number of persons were specifically named as parties, together with all of the surviving and unknown heirs at law of those parties. Appellee filed her warning order the same day, and the warning order was published in a local newspaper on January 20 and January 27, 2002. Although appellant was not served, she moved to intervene on March 20, 2002, asserting that she had purchased the land in question from the Arkansas State Land Commissioner because of delinquent taxes in August 2001. After the trial court granted appellant's motion to intervene, appellee moved for summary judgment and for an injunction against appellant, asserting that appellant's deed was void because the land description contained therein was indefinite. The trial court agreed, and entered an order granting appellee's motion for summary judgment and injunction against appellant, enjoining appellant from maintaining any property or possessory rights in or to the land claimed by appellee, and ordering appellant to remove her person and property from the premises within thirty days. From that decision, comes this appeal.

For reversal, appellant contends that the trial court lacked subject-matter jurisdiction because the warning order did not comply with Ark. Code Ann. § 18-60-503. We agree, and we reverse.

We first address the question of whether the order appealed from is an appealable order. As appellee notes, the order in the present case did not conclude the rights of all the parties, and Ark. R. Civ. P. 54(b) requires that a final judgment may be entered as to fewer than all the claims or parties in a case only upon an express finding and certification that there is no just reason for delay. There was no such Rule 54(b) certification by the trial court in the present case. Nevertheless, the trial court's order is appealable. Appellee specifically requested, and obtained, injunctive relief against appellant in her "Amended Motion for Summary Judgment and Injunction," including an order directing appellant to remove her person and property from the land in

question. The Arkansas Rules of Appellate Procedure specifically permit an appeal from an interlocutory order by which an injunction is granted, Ark. R. App. P.—Civ. 2(a)(6), and a mandatory injunction is an appealable order under that Rule. *Tate v. Sharpe,* 300 Ark. 126, 777 S.W.2d 215 (1989). Because the specific provision authorizing an appeal under Ark. R. App. P.—Civ. 2(a)(6) controls over the general provisions in Ark. R. App. P.—Civ. 2(a)(1) and Ark. R. Civ. P. 54(b) without regard to the provisions of Rule 54(b), *East Poinsett County School District No. 14 v. Massey,* 317 Ark. 219, 876 S.W.2d 573 (1994), the present appeal is properly before us.

■ With regard to the merits, appellant contends that the trial court lacked subject-matter jurisdiction because the warning order did not comply with Ark. Code Ann. § 18-60-503 (1987). We agree. Section 18-60-503(a) (1987) establishes the procedure by which notification must be given to all persons who claim an interest in the disputed land, providing that:

> (a) Upon the filing of the petition [to quiet title], the clerk of the court shall publish a notice of the filing of the petition on the same day of each week, for four (4) weeks in some newspaper published in the county. . . . The petition shall describe the land and call upon all persons who claim any interest in the land or lien thereon to appear in the court and show cause why the title of the petitioner should not be confirmed.

Appellee concedes that the warning order in the present case, which was published only for two weeks instead of the four weeks required by § 18-60-503(a), did not comply with that statute. In the absence of compliance with the notice requirements of § 18-60-503(a), appellee cannot make a prima facie case to quiet title, *Eason v. Flannigan,* 349 Ark. 1, 75 S.W.3d 702 (2002), and the trial court lacked subject-matter jurisdiction to adjudicate the rights to the land. *Koonce v. Mitchell,* 341 Ark. 716, 19 S.W.3d 603 (2000).

■ Where the trial court lacks subject-matter jurisdiction, the appellate court also lacks subject-matter jurisdiction; accordingly, we reverse and dismiss. *Id.*

Reversed and dismissed.

NEAL and ROAF, JJ., agree.