Gayla McCOY and Archie McCoy, *Individually*;
and Archie McCoy, as Administrator of the Estate of
Houston Alexander McCoy, *Deceased*; and Kenneth Brindley,
*a Minor*, by His Mother and Next Friend, Gayla McCoy *v.*
Kathy A. CRUMBY, and Southern Farm Bureau
Casualty Insurance Company

02-810                                    106 S.W.3d 462

Supreme Court of Arkansas
Opinion delivered May 22, 2003

*Jimmy Doyle*, for appellants.

*Wright, Berry, Daniel, Hughes & Moore, P.A.*, by: *Eric G. Hughes*, for appellees.

ROBERT L. BROWN, Justice. This is an appeal from the grant of a motion to dismiss in favor of appellee, Southern Farm Bureau Casualty Insurance Company, Inc. (Southern Farm). Appellants, Gayla McCoy and Archie McCoy, individually, and Archie McCoy, as Administrator of the Estate of Houston Alexander McCoy, and Kenneth Brindley, a minor, brother of Houston, assert that the circuit court erred in dismissing their cause of action against Southern Farm for payment of the underinsured benefits under Mrs. McCoy's policy. The appellants further request that this court overturn our decision in *Aka v. Jefferson Hosp. Ass'n, Inc.*, 344 Ark. 627, 42 S.W.3d 508 (2001), insofar as it applies only prospectively to causes of action on behalf of viable fetuses under Arkansas' wrongful-death statute. We affirm the dismissal of the appellants' complaint.

According to the complaint, on September 9, 1999, Gayla McCoy was struck by another vehicle driven by Kathy Crumby. The accident resulted in the death of Mrs. McCoy's seven-month fetus, Houston Alexander McCoy, as well as in personal injuries to Mrs. McCoy. On January 7, 2000, the appellants filed their complaint in the Hot Spring County Circuit Court and alleged

that Kathy Crumby negligently crossed the center line and collided with Mrs. McCoy's vehicle. The complaint further stated that Ms. Crumby's acts of negligence were the proximate cause of the collision which injured Mrs. McCoy and caused loss of consortium to her husband, Archie McCoy. The complaint also alleged that Ms. Crumby's negligence resulted in the wrongful death of Mrs. McCoy's seven-month fetus.

On January 19, 2000, Ms. Crumby filed an offer of judgment, offering to settle the appellants' claims against her for $100,000. A check in the amount of $100,000 was subsequently deposited into the registry of the court.

On October 26, 2000, the appellants filed a motion to file a third-party complaint.[1] The motion stated that Ms. Crumby's insurance carrier had paid its policy limits and that appellants sought permission to proceed against Mrs. McCoy's underinsured motorists provider, Southern Farm. The circuit court approved the filing of appellants' "third-party complaint" that same day.

Also on October 26, 2000, appellants filed their "third-party complaint," requesting the full policy limits of underinsured benefits in the amount of $25,000, plus any statutory penalties and attorneys' fees. On November 1, 2000, Southern Farm responded and denied that "there is any under insured motorist coverage applicable . . . which would provide coverage for the death of the unborn infant." Southern Farm's response also asserted that the appellants' complaint should be dismissed under Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief could be granted:

> Specifically, Plaintiff fails to state any facts which would show that any under insured motorist coverage would apply to her unborn infant, or that she or any other person, including the unborn infant, would be entitled to recover from Defendant for any injuries or damages because the infant was stillborn as a result of the accident.

---

[1] As noted by Southern Farm in its motion to dismiss before the circuit court, a third-party complaint under Ark. R. Civ. P. 14 was not the proper procedure. As the appellants requested of the circuit court in their response to appellee's motion to dismiss, we treat the motion as one to amend the complaint to add another defendant.

On December 19, 2000, Southern Farm filed a motion to dismiss in further response to the appellants' complaint. In that motion, Southern Farm again moved for a dismissal of the complaint for failure to state facts upon which relief could be granted and added that a third-party complaint was the wrong procedure for the appellants to employ to sue it.

On January 8, 2001, the appellants responded to the motion to dismiss and denied that they failed to state facts upon which relief could be granted.[2] They further contended that the General Assembly had spoken "when [it] passed new law making it a crime to cause the death of an unborn child." The reference was to Act 1273 of 1999, now codified at Ark. Code Ann. § 5-1-102(13)(B) (Supp. 2001) (providing that "person" includes an unborn child, defined as "a living fetus of twelve (12) weeks or greater gestation").

On February 13, 2001, the circuit dismissed with prejudice the appellants' complaint against Ms. Crumby upon motion of counsel for both parties.

On April 18, 2002, the circuit court issued its letter opinion. In it, the court said:

> This court's decision on defendant's motion to dismiss is controlled by Aka v. Jefferson Hospital Association, Inc., et al. which overruled Chatelain v. Kelley, [322 Ark. 517, 910 S.W.2d 215 (1995)], and held a viable fetus is a person for the purpose of a wrongful death action. The court further ruled, however, the application of the Aka decision would be prospective only for causes of action arising after the opinion became final.
>
> The occurrence in this case was before Aka became final and, therefore, the complaint fails to state facts upon which relief can be granted.

On May 1, 2002, the circuit court entered an order dismissing the appellants' complaint with prejudice.

---

[2] Appellants also argued that Southern Farm waived its right to object to being a third-party defendant when it accepted service. They further requested that the third-party complaint be restyled as an amended complaint with Southern Farm added as an additional defendant.

Appellants now contend in this appeal that the holding of this court in *Aka v. Jefferson Hosp. Ass'n, Inc., supra,* should be overruled to the extent that it is limited to prospective application. The appellants acknowledge that this court's holding in *Aka* was prospective only, with the *Aka* case being the sole exception. Nonetheless, the appellants submit that at the time of Houston Alexander McCoy's death, the General Assembly had already adopted Act 1273 of 1999, adding "unborn child" to the definition of "person" for purposes of the crime of homicide. The appellants maintain that because Arkansas' public policy included a viable fetus within the definition of a "person" for criminal purposes at the time of the accident, and because the definition of "person" for purposes of the Arkansas wrongful-death statute included unborn children at the time the appellants' complaint was dismissed, *see* Act 1265 of 2001, now codified at Ark. Code Ann. § 16-62-101(a)(1) (Supp. 2001), it would be a great injustice to deprive the appellants of their day in court.

Southern Farm responds and points to our decision in *Chatelain v. Kelly*, 322 Ark. 517, 910 S.W.2d 215 (1995), where we held that the death of a fetus is not the death of a person for purposes of the wrongful-death statute. Southern Farm claims that the *Chatelain* case was the controlling law at the time of the accident, September 9, 1999, and that the accident is what gives rise to the cause of action in the instant case. Additionally, Southern Farm emphasizes that this court held in *Aka v. Jefferson Hosp. Ass'n, Inc., supra,* that its reversal of *Chatelain* was not to apply retroactively and would only apply to the *Aka* case and to causes of action arising after the *Aka* decision became final. According to Southern Farm, Mrs. McCoy's car accident occurred long before *Aka* was final. Because of this, Southern Farm contends that the circuit court's dismissal was warranted.

We agree with Southern Farm. In *Aka v. Jefferson Hosp. Ass'n, Inc., supra,* this court overruled its prior decision of *Chatelain v. Kelley, supra,* which had held that a viable fetus was not a "person" under the Arkansas wrongful-death statute. The *Aka* court held that for purposes of Arkansas' wrongful-death statute, a viable fetus is a "person." In doing so, this court discussed the General Assembly's enactment of Act 1273 of 1999, which amended criminal statute Ark. Code Ann. § 5-1-102 (Repl. 1997), to include an unborn, living fetus of twelve weeks or

greater gestation within the definition of "person" for homicide purposes. This court further observed in a footnote in *Aka* that the General Assembly had approved Act 1265 of 2001, which included a viable fetus within the definition of "person" for wrongful-death actions. We concluded that "to be consistent with the current expression of legislative intent," the time had come to depart from *Chatelain*.

■ ■ This court then discussed whether the *Aka* decision to overrule *Chatelain* should be applied retroactively or prospectively. We concluded that it should be applied prospectively but that the appellant's efforts should not go unrewarded. We said:

> Consequently, we adhere to the doctrine announced in *Parish* [*v. Pitts*, 244 Ark. 1239, 429 S.W.2d 45 (1968)] and make the new rule applicable only to the case at bar and to causes of action arising after the decision becomes final. *See Wawak v. Stewart*, 247 Ark. 1093, 449 S.W.2d 922 (1970). In other words, the court's opinion is effectively prospective except as to the instant case. In *Parish*, we explained that:
>
> > [t]his serves, in keeping with our system of the private enforcement of legal rights, to reward the present plaintiff for her industry, expense and effort, and for having given this Court the opportunity to rid the body of our law of this unjust rule.
>
> *Id.*, 244 Ark. at 1254, 429 S.W.2d at 52. Indeed, were the exception not applicable to the litigant urging departure from precedent, there would be no reason for such a party to devote the required time, effort, and money to raise an attack upon existing unsound precedents. *Id.*
>
> In sum, we conclude that appellant's efforts to bring about a needed change in the law should not go unrewarded, because without such inducement change might not occur. *See Special Sch. Dist. of Ft. Smith v. Sebastian Co.*, 277 Ark. 326, 331, 641 S.W.2d 702, 705 (1982) (citing *Parish*, 244 Ark. 1239, 429 S.W.2d 45). In light of the foregoing and to further the remedial intent of the wrongful-death statute, we apply our decision to overrule *Chatelain* retroactively as to appellant and prospectively as to causes of action arising after this opinion becomes final. Therefore, we reverse the trial court's grant of partial summary judgment against the Estate of Baby Boy Aka.

*Aka v. Jefferson Hosp. Ass'n, Inc.* 344 Ark. at 643, 42 S.W.3d at 519.

■ This court was exceedingly clear in *Aka*. The *Aka* decision was to be applied prospectively only from the date the decision was final, which was June 21, 2001. Moreover, even though the General Assembly had previously enacted Act 1273 of 1999, relating to fetuses and homicides, this court's decision overruling *Chatelain* was only applicable to causes of action arising after the *Aka* decision became final. The appellants' accident occurred on September 9, 1999, which was more than a year earlier. The circuit court was entirely correct in dismissing appellants' complaint.

Affirmed.

CORBIN, J., not participating.

IMBER, J., dissents.

ANNABELLE CLINTON IMBER, Justice, dissenting. I must disagree with the majority's conclusion that our decision in *Aka v. Jefferson Hospital Assoc.*, 344 Ark. 627, 42 S.W.3d 508 (2001), should "be applied prospectively only from the date the decision was final, which was June 21, 2001." As I explained in my concurrence in *Aka v. Jefferson Hosp. Ass'n*:

> Constitutional amendments are to be construed liberally to accomplish their purpose. *Porter v. McCuen*, 310 Ark. 674,839 S.W.2d 521 (1992); thus, in this case, the purpose of Amendment 68 to protect fetal life up to the extent permitted by federal law operates to give effect to a definition of "person" that includes at least a viable fetus.[7] [[7] *See Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992) (upholding *Roe v. Wade*, 410 U.S. 113 (1973), in three parts: (1) "recognition of a woman's right to have an abortion before viability and to obtain it without undue interference from the state"; (2) "a confirmation of the State's power to restrict abortions after fetal viability, if the law contains exceptions for pregnancies which endanger the woman's life or health"; and (3) "the principle that the State has legitimate interests from the outset of the pregnancy in protecting the health of the woman and the life of the fetus that may become a child").] This effect of Amendment 68 has been in operation since its adoption by the voters, *Drennen v. Bennet*, 230 Ark. 330, 322 S.W.2d 585 (1959), well before the claims implicated by this case, and serves as a valid means of applying the State's policy in a retroactive manner as to these parties.

*Id.* at 651–52, 42 S.W.3d at 525.

Here, the appellants' accident occurred well after the adoption of Amendment 68 in 1988. Thus, the circuit court's dismissal of appellants' complaint should be reversed.