Dr. George L. CONNER III, M.D.; Forrest City
Family Practice Clinic *v.* The Honorable L.T. SIMES, Judge

02-1214                                              139 S.W.3d 476

Supreme Court of Arkansas
Opinion delivered December 18, 2003

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Lucinda McDaniel* and *Mark Mayfield*, for petitioners.

*McHenry & McHenry Law Firm*, by: *Donna McHenry*, *Robert McHenry*, and *Gregory D. Taylor*, for respondents.

ANNABELLE CLINTON IMBER, Justice. On or about April 21, 1999, a fetus being carried by Bridgette Bradley died *in utero*. During Bridgette's pregnancy, George L. Conner, III, M.D., acted as her treating physician at Forrest City Family Practice Clinic, P.A. ("the Clinic"). On February 14, 2001, Bridgette and her husband Maurice, individually and on behalf of their unborn fetus, filed suit against Dr. Conner and the Clinic. In their complaint, the Bradleys asserted claims against both Dr. Conner and the Clinic for medical negligence and wrongful death arising out of the death of their unborn fetus. After taking a voluntary nonsuit in March of 2001, the Bradleys refiled their complaint on February 1, 2002.

On March 12, 2002, Dr. Conner and the Clinic filed a partial motion to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(6). In that motion, Dr. Conner and the Clinic (referred to hereafter collectively as "Dr. Conner") contended that at the time the unborn fetus died *in utero* on April 21, 1999, there was no cognizable cause of action for the wrongful death of a fetus in Arkansas. In advocating a partial dismissal under Ark. R. Civ. P. 12(b)(6), Dr. Conner relied upon this court's decisions in *Chatelain v. Kelly*, 322 Ark. 517, 910 S.W.2d 215 (1995) and *Aka v. Jefferson Hosp. Assoc.*, 344 Ark. 627, 42 S.W.3d 508 (2001). The Bradleys opposed the dismissal on the basis that Act 1265 of 2001, codified at Ark. Code Ann. § 16-62-102(a) (Supp. 2003), was remedial legislation and should be applied retroactively. Act 1265 amended the wrongful-death statute to specifically include a cause of action for the wrongful death of a viable fetus. Furthermore, the Bradleys noted that neither of the cases cited by Dr. Conner analyzed or relied upon Act 1265 of 2001. The circuit court conducted a hearing and then denied the partial motion to dismiss. Shortly thereafter, Dr. Conner filed this original action seeking a writ of prohibition to prevent the St. Francis Circuit Court from proceeding with the wrongful-death action brought by the Bradleys as heirs of their unborn fetus.[1]

The writ of prohibition is extraordinary relief that is appropriate only when the trial court is *wholly* without jurisdiction. *Finney v. Cook*, 351 Ark. 367, 94 S.W.3d 333 (2002). The writ is

---

[1] Although Dr. Conner has named the individual judge as the respondent to his petition, prohibition lies to the circuit court and not to the individual judge. *Premium Aircraft Parts, LLC v. Circuit Court of Carroll County*, 347 Ark. 977, 69 S.W.3d 849 (2002). Accordingly, we treat the petition as one against the circuit court. *Id.*

appropriate only when there is no other remedy, such as an appeal, available. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* This court confines its review to the pleadings in the case. *Id.* Morever, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Arkansas Dept. of Human Servs. v. Collier,* 351 Ark. 506, 95 S.W.3d 772 (2003). Additionally, a writ of prohibition is not the appropriate remedy for the denial of a motion to dismiss. *Farm Bureau Mutual Ins. Co. v. Southall,* 281 Ark. 141, 661 S.W.2d 383 (1983).

■■ Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *State v. Circuit Court of Lincoln County,* 336 Ark. 122, 984 S.W.2d 412 (1999). In the case at bar, Dr. Conner seeks a writ of prohibition, asserting that the circuit court lacks jurisdiction to hear a wrongful-death action filed pursuant to the wrongful-death statute. *See* Ark. Code Ann. § 16-62-102 (Supp. 2003). Clearly, a circuit court has the power to hear a wrongful-death case. In addition, the plaintiffs in the underlying action filed claims against the defendants for both medical malpractice in the treatment of Mrs. Bradley and for the wrongful death of the unborn fetus. Dr. Conner does not assert that the circuit court lacks jurisdiction to entertain the separate claim of medical malpractice. As such, the circuit court is not wholly without jurisdiction to the hear the case.

Nonetheless, as authority for the proposition that prohibition is the proper remedy, Dr. Conner cites this court to *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 73 S.W.3d 584 (2002) and *Ramirez v. White County Circuit Court,* 343 Ark. 372, 38 S.W.3d 298 (2001). Those cases, however, are inapposite. In *Ramirez,* a decedent's spouse, as only one of three heirs, filed a wrongful-death action without joining all of the heirs at law in the action. We held the circuit court lacked jurisdiction because the statute that created a cause of action for wrongful death mandates that such an action be brought by all of the heirs at law if there is no personal representative. *Ramirez v. White County Circuit Court, supra; see* Ark. Code Ann. § 16-62-102(b) (Supp. 2003). In *St. Paul Mercury, supra,* we concluded that a medical malpractice action filed pursuant to the survival and wrongful-death statutes was barred by the statute of limitations. Prohibition was a proper remedy in that case because the statute of limitations for wrongful death is jurisdictional. *See Forrest City Mach. Works,*

*Inc. v. Erwin,* 304 Ark. 321, 802 S.W.2d 140 (1991) (citing *Vermeer Mfg. Co. v. Steel,* 263 Ark. 323, 564 S.W.2d 518 (1978)). Here, there is no allegation that the Bradleys filed their complaint for medical malpractice and wrongful death outside of the statute-of-limitations period, or that the Bradleys failed to include all the heirs at law in the action. Instead, Dr. Conner asserts that the circuit court lacks jurisdiction because the Bradleys have no cause of action for the death of an unborn fetus; that is, because no cause of action exists, they cannot state facts upon which relief can be granted.

■ This court has addressed the scope of the writ in a case where the trial court denied a motion to dismiss based on standing, failure to state a claim for which relief could be granted, and lack of subject matter jurisdiction. *See Nat'l Sec. Fire & Cas. Co. v. Poskey,* 309 Ark. 206, 828 S.W.2d 836 (1992). We stated:

> Ordinarily, a petition for a writ of prohibition is not the proper remedy for the failure of a trial court to grant a motion to dismiss. A writ of prohibition is an extraordinary writ and is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. There is no doubt that a circuit court has proper subject matter jurisdiction to hear a declaratory judgment action concerning insurance coverage. The propriety of hearing such a case, especially when it appears that no cause of action exists or that not all the parties to the insurance contract have been made parties to the suit, is a distinctly different issue and one that is not addressed by a writ of prohibition, for the writ is issued only to prevent a court from exceeding its jurisdiction, rather than to prevent it from erroneously exercising its jurisdiction.

*Id* at 207, 828 S.W.2d at 837-38. Likewise, in the instant case, there is no doubt that the circuit court has subject matter jurisdiction to hear an action for medical malpractice and wrongful death. The propriety of the circuit court hearing such a case, even when it appears that no cause of action exists, is an issue that is not properly addressed by a writ of prohibition because the writ does not prevent the court from erroneously exercising its jurisdiction. Any other view would permit the writ of prohibition to be used not to test the issue of jurisdiction but to test the sufficiency of a complaint filed in a court having

jurisdiction both of the subject matter and the person. *See Farm Bureau Mutual Ins. Co. v. Southall, supra.* Therefore, Dr. Conner's petition for a writ of prohibition must be and hereby is denied.

This court has, on occasion, treated a writ of prohibition as a writ of certiorari. We have explained that the writ of prohibition cannot be invoked to correct an order already entered, but where the lower court's order has been entered without or in excess of jurisdiction, we will carve through the technicalities and treat the application for a writ of prohibition as one for certiorari. *Arkansas Pub. Defender Comm'n v. Burnett,* 340 Ark. 233, 12 S.W.3d 191 (2000). The standards for determining the propriety of a writ of certiorari are well settled in Arkansas. A writ of certiorari is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Arkansas Dept. of Human Servs. v. Collier,* 351 Ark. 506, 95 S.W.3d 772 (2003). In determining its application, we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. *Id.* A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Id.*

In the case at bar, we cannot say that Dr. Conner has no other adequate remedy by appeal. At worst, Dr. Conner will be required to present a defense to the wrongful-death and medical malpractice claims, and then upon remand, he will only be defending against a claim for medical malpractice. While this court at one time appeared to endorse the use of an extraordinary writ to prevent untold time and expense, as well as unnecessary grief to the parties, *Fore v. Circuit Court of Izard County,* 292 Ark. 13, 727 S.W.2d 840 (1987), we retreated from that overreaching language in *Lupo v. Lineberger,* 313 Ark. 315, 855 S.W.2d 293 (1993). Furthermore, in *Lupo* we took the opportunity to overrule *Curtis v. Partain,* 272 Ark. 400, 614 S.W.2d 671 (1981), as precedent for the issuance of writs of prohibition in discovery disputes. This court, however, has never retreated from our unequivocal statement in *Burney v. Hargraves,* 264 Ark. 680, 573 S.W.2d 912 (1978), that an asserted threat of an unwarranted trial is an insufficient basis to

conclude that the remedy by appeal is not adequate. Our language in *Burney* makes the point forcefully and succinctly:

> If the asserted threat of "an unwarranted trial" were a sufficient basis for declaring the remedy by appeal to be inadequate, then a defendant could always appeal from the trial court's action in overruling a demurrer to the complaint.

264 Ark. at 682, 573 S.W.2d 913.[2]

We have explained that with respect to requests for extraordinary relief, such as writs of prohibition, certiorari, or mandamus, the point is that we cannot and should not review cases in a piecemeal fashion. *Burney v. Hargraves, supra.* Likewise, we have been steadfast in holding that certiorari may not be used as a substitute for appeal. *Arnold v. Spears,* 343 Ark. 517, 36 S.W.3d 346 (2001); *Neal v. Wilson,* 321 Ark. 70, 900 S.W.2d 177 (1995); *Gran v. Hale,* 294 Ark. 563, 745 S.W.2d 129 (1988); *Henderson Meth. Ch. v. Sewer Imp. Dist. No. 142,* 294 Ark. 188, 741 S.W.2d 272 (1987); *Burney v. Hargraves, supra; Farm Service Coop. v. Cummings,* 262 Ark. 810, 561 S.W.2d 317 (1978); *McKenzie v. Burris,* 255 Ark. 330, 500 S.W.2d 357 (1973).

Granting a writ in this situation will permit a piecemeal appeal that merely tests the correctness of an interlocutory order. *See, e.g., Burney v. Hargraves, supra; see also Southern Farm Bureau v. Southall, supra.* There is no question that the circuit court's refusal to grant a motion to dismiss was not a final, appealable order; in other words, the order did not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Fisher v. Chavers,* 351 Ark. 318, 92 S.W.3d 30 (2002). This is consistent with the judge's statement that he would reconsider Dr. Conner's arguments on the issue at a later time. Furthermore, we have explained that although an issue may be important, if the decision does not conclude the merits of a case, any appeal would be premature. *Chapman v. Wal-Mart Stores, Inc.,* 351 Ark. 1, 89 S.W.3d 906 (2002). The issuance of a writ of certiorari under these

---

[2] The purpose accomplished by a pleading formerly called a demurrer is now accomplished by filing a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6) (2003). *See Farm Bureau Mutual Ins. Co. v. Southall,* 281 Ark. 141, 661 S.W.2d 383 (1983).

circumstances would allow an extraordinary writ to serve as a substitute for an appeal and would effectively endorse piecemeal appellate review. This we will not do.

In sum, we conclude that prohibition is not a proper remedy because the circuit court is not wholly without jurisdiction. Furthermore, we cannot treat the petition as one for certiorari because the case at bar simply does not present a situation where the remedy by appeal is inadequate. Never in this court's long history has the writ of certiorari been used to narrow the claims alleged in a complaint.[3]

Petition for writ of prohibition denied.

ARNOLD, C.J., and THORNTON, J., dissent.

RAY THORNTON, Justice, dissenting. I dissent from the majority's decision that Dr. Conner should be forced to defend a claim that was not legally cognizable at the time the alleged cause of action arose. By its decision, the majority elevates form above substance and interprets rules against piecemeal appeals to produce an unjust result that will frustrate efficient and fair disposition of this case and will lead to multiplicity of actions.

While a writ of prohibition is not appropriate in the instant case, I believe a writ of *certiorari* should have been granted. We may accept a petition for a writ of prohibition as a petition for a writ of *certiorari*. *Ballard v. Clark County Circuit Court*, 347 Ark. 291, 61 S.W.3d 178 (2001). In *Arkansas Public Defender Comm. v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000), we noted that a writ of *certiorari* will properly issue to review a trial court order already issued "without, or in excess of jurisdiction." A writ of *certiorari* is only available when it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion and there is no other adequate remedy. *Id. (citing Bates v. McNeil*,

---

[3] Both cases cited by the dissent as support for granting a writ of certiorari are inapposite. In *Neal v. Wilson, supra*, we issued a writ of certiorari to quash an order entered by a judge who improperly assumed jurisdiction over *a case* that had been specially assigned to another judge. Similarly, in *Kraemer v. Patterson*, 342 Ark. 481, 29 S.W.3d 684 (2000), we recognized that the confidential relationship between a party and his or her physician would be irreparably harmed if that party could be compelled by a court to give up a right expressly afforded by Rule 503 — the patient's right to maintain control over *ex parte* communications with his or her physician.

318 Ark. 764, 888 S.W.2d 642 (1994)). The writ of *certiorari* is the appropriate remedy when the petition claims that the trial court does not have jurisdiction to hear a claim. *Burnette, supra.; see also May Construction Company, Inc. v. Thompson,* 341 Ark. 879, 20 S.W.3d 345 (2000).

Respondents cite to *Burney v. Hargraves,* 264 Ark. 680, 573 S.W.2d 912 (1978), for the proposition that the settlement of all issues should be on appeal, and neither prohibition nor *mandamus* nor *certiorari* may be used to review cases in a piecemeal fashion. We have, however, granted petitions for a writ of *certiorari* that were not dispositive of the underlying case, such as in *Neal v. Wilson,* 321 Ark. 70, 900 S.W.2d 177 (1995). In *Neal,* a petition for disbarment went through several recusals and specially appointed judges before the case came to rest in Judge Lineberger's court. While this case was pending before Judge Lineberger, the newly elected Judge Olly Neal, who was elected to the same judicial district as the original judge who had recused in this case, ruled on the matter. We granted the petition for a writ of *certiorari* because Judge Neal acted "in excess of his authority and jurisdiction" and quashed all of Judge Neal's orders and directives relating to the underlying case. The case was set to proceed in Judge Lineburger's courtroom the day after the decision was handed down. Judge Neal had acted outside the jurisdiction available, and we rectified that plain, manifest, clear, and gross abuse of discretion with a writ of *certiorari. Id.*

*Kraemer v. Patterson,* 342 Ark. 481, 29 S.W.3d 684 (2000), is particularly instructive for our consideration of this case. *Kraemer* was a medical-malpractice case and the defense required an expert witness that would meet the "locality" rule under Arkansas law. The proposed defense expert had treated the plaintiff in the case prior to trial. After deposing the doctor, the defense began *ex parte* meetings in anticipation of calling the doctor as an expert witness. The plaintiffs objected based on Ark. R. Evid. 503, but the trial court granted the defendants motion to retain the doctor as a defense expert. We granted the petition for a writ of *certiorari* without reaching any other claims in the case. Moreover, we specifically noted that "an appeal of an adverse decision would not be an adequate remedy under these circumstances." We recognized that some injustices are so pervasive, some violations of rights so infectious that an appeal is not an adequate remedy for the aggrieved. *Id.*

In this case, at the time the complaint was filed, there was no cause of action for the wrongful death of a fetus. The petitioners challenged the trial court's ability to proceed with a non-existent claim. Accordingly, we should treat the petition for a writ of prohibition as a petition for a writ of *certiorari* and analyze whether Act 1265 of 2001 may be applied retroactively.

In *Aka v. Jefferson Hospital Association*, 344 Ark. 627, 42 S.W.3d 508 (2001), the question before us was whether our reversal of *Chatelain v. Kelly*, 322 Ark. 517, 910 S.W.2d 215 (1995), should be applied retroactively. It is clear to me that our decision in *Aka, supra* was premised, at least in part, on Act 1265 of 2001. The extensive discussion of whether allowing wrongful-death claims based on the death of a viable fetus would be applied retroactively or prospectively was couched entirely in terms of statutory construction. We recently reiterated that *Aka* was to apply only prospectively and that a fetus as a "person" for the *purposes of the wrongful-death statute* could only maintain a cause of action that accrued after the effective date of the *Aka* decision. *McCoy v. Crumby*, 353 Ark. 251, 106 S.W.3d 462 (2003).

The question of retroactivity depends upon legislative intent. *Aka, supra (citing Bean v. Office of Child Support Enforcement*, 340 Ark. 286, 9 S.W.3d 520 (2000)). The strict rule of construction is that legislative acts are presumed to be prospective. This rule, however, does not apply to procedural or remedial legislation. A wrongful-death statute is remedial in nature and should be construed to give appropriate regard to "the spirit that promoted a statute's enactment, the mischief sought to be abolished, and the remedy proposed." *Aka, supra.*

Remedial statutes should only be applied retroactively when they do not disturb vested rights or create new obligations but rather supply a more appropriate remedy for enforcement of an existing right or obligation. *Forrest City Machine Works v. Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981). In that decision, we directly stated that potential due-process violations of retroactive statutes must be analyzed with a vested-rights analysis. Furthermore, we noted there is a vested right when the law allows one to enforce or resist a claim in the courts of law. *Id.*

Here, Dr. Conner's vested right to be free from litigation asserting a cause of action for the wrongful death of a fetus would be violated by a retroactive application of Act 1265 of 2001. When the injury occurred, a cause of action charging Dr. Conner with

the wrongful death of a fetus could not be sustained. Respondents argue that no vested right has been disturbed and that Dr. Conner has the same defense of showing he was not negligent in his duties and actions as a physician as he would otherwise have had. This is incorrect. If the statute is not retroactive, Dr. Conner need not show whether he was or was not negligent in his actions. The majority would force him to defend against a claim that did not exist absent a retroactive application of the statute. By doing so, the majority disregards what we said in *Aderhold, supra* concerning the vested right to a legal defense of a claim.

To summarize, it is clear to me that we have already decided in *Aka, supra* and *McCoy, supra*, that Act 1265 of 2001 amending the wrongful-death statute should not be interpreted retroactively. In *Aka*, we noted that "retroactive application is appropriate for remedial statutes that do not disturb vested rights or create new obligations," *Aka, supra* (*citing Bean, supra*), and then concluded, "In light of the foregoing and to further the remedial intent of the *wrongful-death statute*, we apply our decision to overrule *Chatelain* retroactively as to appellant and prospectively as to causes of action arising after this opinion becomes final." *Aka, supra* (emphasis added).[1] We clearly expressed our conclusion that Act 1265 of 2001 was to be applied retroactively to *Aka*, but prospectively to all causes of action arising thereafter.

Before *Aka, supra* and Act 1265 of 2001 there was *no* cause of action for the wrongful death of a fetus. Allowing a claim for recovery for the wrongful death of a fetus based upon a retroactive application of Act 1265 of 2001 cuts off Dr. Conner's vested right to be free from suit under the principles of law in effect until *Chatelain, supra* was reversed by *Aka*.

I would recognize our previous holdings that Act 1265 of 2001 does not apply retroactively, and hold that the trial court committed plain, manifest, clear, and gross abuse of discretion when it allowed this wrongful-death claim to go forward. As in *Kraemer, supra*, I am convinced that an appeal is not an adequate remedy under these circumstances where consideration of a non-existent wrongful-death claim will have the effect of poisoning the trial of other justiciable claims against Dr. Conner.

---

[1] The reference to the "wrongful death statute" is to Act 1265 of 2001.

The majority recognizes that we have in the past "appeared to endorse the use of an extraordinary writ to prevent untold time and expense, as well as unnecessary grief to the parties," *Fore v. Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), but indicates the we have withdrawn from that position in *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). I believe it is time to protect the vested rights of an individual defendant, and restate our interest in preventing the time and expense in trying a non-existent cause of action notwithstanding that an appeal may be available after the error has been committed. Our procedural rules should not lead to unjust results.

For the foregoing reasons, I respectfully dissent from the majority's opinion.

I am authorized to state that Chief Justice Arnold joins in this dissent.