HARDIN, COMMISSIONER OF REVENUES, *v.* NORSWORTHY, COUNTY JUDGE.

4-6987                                   165 S. W. 2d 609

Opinion delivered November 16, 1942.

*Herrn Northcutt* and *O. T. Ward,* for petitioner.

*M. F. Elms,* for respondent.

GRIFFIN SMITH, C. J. Judge W. H. Norsworthy of Arkansas county, in the absence of Circuit Judge W. J. Waggoner and Chancellor Harry T. Wooldridge, enjoined John Gunnell as circuit clerk from issuing a writ of execution on a certificate of indebtedness filed in compliance with § 10 of Act 386, approved March 26, 1941.

It is contended by the commissioner of revenues that the certificate followed a finding that C. W. Trotter owed $257.65 he should have collected as tax on merchandise sold through his food market at Stuttgart. A ten percent penalty was added. Subsection (b), § 9, Act 386. The sheriff was also enjoined from levying on the taxpayer's property if a writ of execution should issue.

The certificate was filed September 11, 1942. Judge Norsworthy's injunction is dated September 14. Subsequently the chancellor issued a similar order.

Certiorari has been resorted to by the commissioner of revenues in an effort to have the injunction dissolved on the ground that the lower court's actions were void.

Contentions are, (1) that the supreme court is without jurisdiction. (2) The finding is void (a) because it is violative of § 1 of art. 7 of the constitution in that the

certificate under Act 386, issued without judicial determination, is given judgment force. (b) Act 386 is violative of Amendment No. 16 to the constitution in that trial by jury is denied. (3) Certiorari does not lie when the right of appeal exists. (4) It is denied that Trotter was accorded a hearing in response to his request, but if it should be held there had been a hearing, a letter dated August 27 was received, content of which justified Trotter in believing the matter was being held open. (5) If it be conceded that a hearing was had August 24, still the certificate was issued September 10 and filed a day later. Act 386 provides thirty days for appeal to the chancery court of Pulaski county. Since but eighteen days intervened between hearing and issuance of the certificate, it was prematurely filed.

*First.*—The commissioner, as petitioner, had the right of appeal. Act 355, approved March 25, 1937.

Certiorari is a remedy to quash irregular proceedings, ''but only for errors apparent on the face of the record; not to look beyond the record to ascertain the actual merits of a controversy or to control discretion or to review a finding upon facts.'' *Lindsay* v. *Lindley,* 20 Ark. 573. In *Burgett* v. *Apperson,* 52 Ark. 213, 12 S. W. 559, it was held that certiorari may be used to correct erroneous proceedings, ''as well as the want of jurisdiction.'' Errors in the assumption of jurisdiction are properly correctible on certiorari; but where errors relate to conclusions of law in deciding the case on its merits, they can only be corrected on appeal, unless the party is prevented from appealing by unavoidable circumstances. *Flournoy* v. *Payne,* 28 Ark. 87.

A more liberal view was expressed in *Williamson* v. *Mitchell Auto Co.,* 181 Ark. 693, 27 S. W. 2d 96, where it was said that where time for appeal has not expired, the Supreme Court will treat an application for a writ of certiorari as an appeal.

In the instant case the parties have gone beyond the record through introduction of letters and by statements; hence the proceeding will be treated as an appeal.

*Second.*—(a) The tax is fixed by the general assembly as distinguished from an act of the commissioner. It was the merchant's duty to collect and pay over, and to keep accurate records ". . . of gross receipts or gross proceeds of sales taxable and nontaxable." It is clear this was not done. It therefore devolved upon the commissioner to have his auditors ascertain the indebtedness in the most practicable manner expressly or impliedly authorized by Act 386. When this was done and Trotter was afforded an opportunity to refute the claim thus determined, and he did not do so because, as he admitted in correspondence, records could not be gotten, the legislative direction to the commissioner to file his certificate became a mandate and a lien attached from the time the certificate was entered.

(b) This is not a common law action wherein trial by jury is guaranteed, nor is there a statutory provision according such right.[1] Intricate accounting is involved, and a court of chancery is not without jurisdiction.

*Third.*—Trotter was in the commissioner's office for a hearing either August 24 or August 26. There is some uncertainty as to the exact date. A letter written on behalf of the commissioner August 26 begins with the statement: "Within a few moments after you left the office this morning, Mr. Hardin returned and I took your file to him for investigation. . . ." Thereafter Trotter wrote that he could not supply copies of invoices. Evidence that he was misled into thinking another hearing would be accorded is not sufficient to justify an order upholding the injunction on the ground that he was deceived.

*Fourth.*—Trotter had thirty days within which to appeal to the chancery court of Pulaski county. *Hardin, Commissioner,* v. *Gautney, Chancellor, ante,* p. 723, 164 S. W. 2d 427. The issuance of the certificate of indebtedness within that time was proper. Under Act 386 the amount fixed by the commissioner should have been paid and an action brought for refund of any excess shown

[1] *Govan* v. *Jackson,* 32 Ark. 553; *Minnequa Cooperage Company* v. *Hendricks, Judge,* 130 Ark. 264, 197 S. W. 280, L. R. A. 1918D, 477, Ann. Cas. 1918D, 687.

to have been collected. This is not a suit against the state. A fund of $2,500 was created by Act 219, approved March 25, 1941, for payment of claims of this character and an unexpended balance was available (and is still available) to satisfy a demand much larger than the one in controversy.

Had an appeal been taken in the manner provided by Act 386, the certificate would have been automatically superseded.

The injunction is dissolved.