# Bonnie BURNEY v. O. H. HARGRAVES, Judge

78-157
573 S.W. 2d 912

Opinion delivered December 11, 1978
(Division I)

*McMath, Leatherman & Woods,* for petitioner.

*Bill Clinton,* Atty. Gen., by: *David L. Williams,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This action was filed in this court as an original petition under Rule 16 for a writ of mandamus to compel the Honorable O. H. Hargraves, as judge of the Phillips Circuit Court, to enter a judgment in favor of the petitioner in a pending case. Later the petition was amended to ask alternatively for a writ of prohibition or a writ of certiorari. The petition must be denied, because the petitioner's proper remedy is by appeal.

Mrs. Burney, the petitioner, filed suit in the Phillips Circuit Court as the beneficiary of a $50,000 life insurance policy issued by Old Republic Life Insurance Company upon the life of the petitioner's husband, John Burney, who is alleged to have been killed on June 11, 1976. Old Republic's answer, which denied that Burney is in fact deceased, was not tendered until after the expiration of the time allowed for its filing. Along with the answer Old Republic filed a motion asserting that it should be permitted to answer, because the delay had been caused by unavoidable casualty.

The petitioner resisted Old Republic's attempt to file an answer. The court first entered an order denying Old Republic's motion that it be permitted to answer. Later the court entered a second order stating that it would require proof of the terms of the policy and of the death of the insured before granting judgment as prayed for in the complaint. The order recited that Old Republic would be permitted to attend the hearing and cross examine witnesses.

Petitioner then sought mandamus in this court, alleging that the trial judge was under a purely ministerial duty to enter a default judgment (without proof of Burney's death) and that the remedy by appeal was inadequate, because the petitioner would be compelled to submit to an unwarranted trial. The amendment seeking prohibition or certiorari made essentially the same allegations.

Neither mandamus nor prohibition nor certiorari can be used as a substitute for appeal. Mandamus: *Calloway* v. *Harley,* 112 Ark. 558, 166 S.W. 546 (1914). Prohibition: *Harris Distributors, Inc.* v. *Marlin, Judge,* 220 Ark. 621, 249 S.W. 2d 3 (1952). Certiorari: *Ark. State Hwy. Commn.* v. *Ponder, Judge,* 239 Ark. 744, 393 S.W. 2d 870 (1965). Mandamus cannot be used to correct an erroneous decision already made. *Mobley* v. *Scott, County Judge,* 236 Ark. 163, 365 S.W. 2d 122 (1963).

The point with respect to all three writs is that we cannot review cases in a piecemeal fashion. In *Harris Distributors, supra,* the trial court rejected a defendant's contention that the plaintiffs' entire cause of action had been extinguished by their satisfaction of a judgment against another tortfeasor. The defendant in question then sought a writ of prohibition to prevent the trial court from proceeding with the case against that defendant. We had this to say:

> If [the writ of prohibition] were used to stay the proceeding in the trial court whenever counsel thought a ruling to be erroneous, much of our time would be occupied in the piecemeal settlement of questions that should be presented by appeal, and the trial courts would be unduly hampered in the disposition of their cases.

The petitioner is mistaken in arguing that the trial judge was under a merely ministerial duty to enter a default judgment without proof of Burney's death. The judge exercised judicial discretion in making his ruling. All that the petitioner is really saying is that the ruling was wrong as a matter of law. If so, the petitioner has an adequate remedy by appeal. If the asserted threat of "an unwarranted trial" were a sufficient basis for declaring the remedy by appeal to be inadequate, then a defendant could always appeal from the trial court's action in overruling a demurrer to the complaint. That, again, would be a piecemeal appeal merely testing the correctness of an interlocutory order.

In the case at bar there is still another reason to be considered. Old Republic contended that it was prevented by

unavoidable casualty from filing a timely answer. The interlocutory order overruling that contention is also subject to review after a final judgment has been entered in the case. But if we granted a writ of mandamus or other remedy in this original action, directing that a default judgment be entered, then one of two possibilities would necessarily come about: One, Old Republic would lose its right to have its contention reviewed, or two, the case would result in two proceedings in this court instead of one. Both courses are contrary to our practice.

Writs denied.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.