Sherry EARNEY, Pamela Cook and Glenda Endamano *v.* Hon. Ellen BRANTLEY

91-345                                                    828 S.W.2d 832

Supreme Court of Arkansas
Opinion delivered April 20, 1992

*Malcolm R. Smith, P.A.*, for appellant.

*Wright, Lindsey & Jennings*, by: *Alston Jennings*, for appellee.

DAVID NEWBERN, Justice. Petitioners, Earney, Cook, and Endamano, seek a writ of prohibition to the Probate Court to prevent consideration of a renewed petition for probate of a will. That pleading seeks an opportunity for the proponent of the will to cure "evidentiary deficiencies" outlined by this Court in our opinion reversing the decision to admit the will to probate. *In the Matter of the Estate of Sharp*, 306 Ark. 268, 810 S.W.2d 952 (1991). Following issuance of the mandate the proponent of the will returned to Judge Brantley and renewed her petition arguing that it was within the discretion of the Court to conduct further proceedings and it would be unjust to deny probate without permitting her to cure the procedural defects. The Court found that it was authorized to conduct another hearing and to consider new proof. Petitioners then filed this petition asking us to prohibit the hearing. We find that a writ of prohibition is not a proper remedy, and, accordingly, the petition is denied.

Petitioners phrase the issue as whether the Probate Court has authority to conduct an additional hearing or is bound by the mandate of this Court. The argument is focused on their contention that our decision means that the will is not entitled to probate and there remains nothing for the Court to consider in connection with this will. Be that as it may, see *Alexander v. Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989), neither that question nor any of the other legal questions implicated here are sufficient to raise doubt concerning the exercise of jurisdiction by the Probate Court.

Prohibition is an extraordinary writ not issued to prohibit a trial court from erroneously exercising its jurisdiction. *Pryor v. Hot Spring County Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990); *Abernathy v. Patterson*, 295 Ark. 551, 750 S.W.2d 406 (1988). Law of the case, like *res judicata*, is an affirmative defense to be raised in the trial court and presents no question of jurisdiction. *Pryor v. Hot Spring County Chancery Court, supra*. Absent a showing that the Probate Court is acting without or in excess of its jurisdiction, the writ may not be granted.

Petition for writ of prohibition denied.