B.J. McADAMS *v.* Robert L. McADAMS

04-27                                    184 S.W.3d 24

Supreme Court of Arkansas
Opinion delivered June 3, 2004

592

Appellant, *pro se.*

No response.

DONALD L. CORBIN, Justice. Appellant B.J. McAdams appeals the order of the Pulaski County Circuit Court denying his motion to annul his adoption of Appellee Robert L. McAdams that was finalized in 1967. As this is a second appeal of this matter, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We find no error and affirm.

It is unnecessary for us to recite the facts of this case in great detail, as they were succinctly set forth in *McAdams v. McAdams,* 353 Ark. 494, 109 S.W.3d 649 (2003) (*McAdams I*). Suffice it to say, in *McAdams I,* this court affirmed the order of the Pulaski County Circuit Court denying Appellant's motion to annul the adoption of his son Robert. Specifically, this court rejected Appellant's contention that the adoption decree had been procured by fraud. According to Appellant, his former wife, who was Robert's mother, claimed that he was Robert's biological father, but in 1999, he discovered that he was not his biological father.

In reviewing Appellant's claim, this court relied on the adoption statutes in effect at the time of the adoption in 1967, which were codified at Ark. Stat. Ann. §§ 56-101 to -120 (1947). This court further explained that the annulment of an adoption was governed by Ark. Stat. Ann. § 56-110 (1947), which provided:

> A petition to annul a final adoption decree may be filed in the court which entered the decree on any of the following grounds:
>
> (a) The adopting parents have failed to perform their obligations to the adopted person.
>
> (b) In case of minor children the adopting parents have become separated or divorced within two [2] years after the rendition of the final adoption decree.
>
> (c) That the adopted person, within five [5] years after his final adoption, has developed feeble-mindedness, insanity, epilepsy, any

psychosomatic or mental disturbance, venereal disease, or any incurable disease as a result of a condition existing prior to adoption unknown to the adopting parents. Upon proof of one of these grounds, the court may set aside the adoption decree and may make whatever disposition that appears to be proper.

This court then concluded that Appellant was barred from annulling the adoption, because he failed to do so within two years as provided by the applicable statute of limitations. *See* Ark. Stat. Ann. § 56-112 (1947). This court also concluded that Appellant failed to establish that fraud had been practiced on the court in procuring the adoption. *McAdams*, 353 Ark. 494, 109 S.W.3d 649.

After this court's opinion in *McAdams I*, Appellant again filed a petition in the circuit court seeking to annul the adoption of Robert on the basis that Robert has an incurable mental disease that was unknown to him at the time of the adoption. According to his petition, he is thus allowed to set aside the adoption pursuant to section 56-110(c). In support of his petition, Appellant submitted a psychological evaluation conducted on Robert in 1991. Appellant pointed out that this court made note of the evaluation in its opinion in *Purtle v. McAdams*, 317 Ark. 499, 879 S.W.2d 401 (1994). He also cited the court to a federal court opinion in *McAdams v. Dowden*, 66 F.3d 931 (8th Cir. 1995), wherein mention is made of the psychological evaluation that indicated that Robert "functions in the borderline range of intelligence, likely has difficulty understanding social expectations, may be easily confused, has poor judgment or common sense and likely has minimal capacity for learning any kind of complex task." *Id.* at 932-33.

A hearing on the current petition was held on December 18, 2003. The only party present was Appellant. The trial court announced from the bench that he was denying Appellant's petition on two grounds. First, the trial court noted that the petition to annul the adoption was not filed within five years of the final adoption; thus, it was barred by the statute of limitations. Second, the trial court held that Appellant failed to present proof substantiating a psychosomatic or mental disturbance to the extent necessary to set aside the adoption. A written order denying the petition was then entered on December 19, 2003. This appeal followed.

On appeal, Appellant argues that the trial court erred in denying his petition to annul the adoption of Robert. Essentially, he argues that the trial court failed to take notice of the copy of the

evaluation he proffered, as well as the prior cases that mentioned the psychological evaluation conducted on Robert in 1991. According to Appellant, these prior case references constitute law of the case with regard to Robert's mental problems and, thus, he was not obligated to submit certified medical records to prove his claim. We disagree and affirm the order of the trial court, but we do so for a different reason.

It is well settled that under the doctrine of *res judicata* a party is precluded from relitigating an issue that has already been decided or could have been decided in previous litigation. *Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000). This court recently discussed the doctrine of *res judicata*, stating:

> *Res judicata* means a thing or matter that has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction. *Crooked Creek, III, Inc. v. City of Greenwood*, 352 Ark. 465, 101 S.W.3d 829 (2003); *JeToCo Corp. v. Hailey Sales Co.*, 268 Ark. 340, 596 S.W.2d 703 (1980). The doctrine of *res judicata* bars the relitigation of claims that were actually litigated in the first suit, as well as those that could have been litigated. *Linder* [*v. Linder*], 348 Ark. 322, 72 S.W.3d 841 [2002]; *State Office of Child Support Enforcem't v. Willis*, 347 Ark. 6, 59 S.W.3d 438 (2001). The underlying policy of *res judicata* is to prevent parties from relitigating issues or raising new issues when they have already been given a fair trial. *Id*.

*Hunt v. Perry*, 355 Ark. 303, 138 S.W.3d 656 (2003). In discussing the purpose of *res judicata*, this court has further elaborated that one of the main purposes is to put an end to litigation by precluding a party who has had the opportunity for one fair trial from drawing the same controversy into issue before the same or a different court. *Clark v. Farmers Exch., Inc.*, 347 Ark. 81, 61 S.W.3d 140 (2001); *Taggart v. Moore*, 292 Ark. 168, 729 S.W.2d 7 (1987).

The test for determining the applicability of *res judicata* consists of five factors, including: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Moon v. Marquez*, 338 Ark. 636, 999 S.W.2d 678 (1999); *Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999). Specifically, this court has stated that in determining whether *res judicata* applies the relevant

inquiry is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *Parker v. Perry*, 355 Ark. 97, 131 S.W.3d 338 (2003). In other words, when the case at bar is based on the same events and subject matter as the previous case, and only raises new legal issues and seeks additional remedies, the subsequent case is barred by *res judicata. Id.*

In applying each of the enumerated factors to the present case, it is clear that *res judicata* is applicable. First, the judgment entered by the trial court and subsequently affirmed by this court was a final judgment on the merits. Second, there is no dispute that the circuit court had jurisdiction over the petition to annul the adoption. Third, the suit was fully contested and resulted in a final judgment that was appealed to this court. Fourth, both suits involve the same issue, namely the annulment of the adoption decree. Finally, both suits involve the exact same parties. There can be no doubt that Appellant had every opportunity to challenge the adoption of Robert based on the mental-defect claim in his first petition to annul the adoption. He makes no claim that he is bringing this subsequent suit as the result of newly discovered evidence or facts. In fact, the mental evaluation he relies on in support of his petition is dated January 25, 1991. The statute that he relies on was in effect in 1967, at the time the adoption was finalized. Moreover, while Appellant alleges that he is seeking to annul the adoption on a different basis this time, his brief reasserts the same argument raised in his prior litigation, namely that he is not the biological father of Robert. He has simply attempted to add an additional claim as to why he is entitled to annul the adoption of Robert.

In sum, this is an issue that has been fully litigated and decided. There is no reason to revisit the matter, as Appellant has had his day in court.

Finally, we note that although the issue of *res judicata* was not raised below, this court can affirm the circuit court for a different reason. *See Landers v. Jameson*, 355 Ark. 163, 132 S.W.3d 741 (2003). In that case, this court held that even though neither party raised the doctrine of law of the case and the circuit court did not rule on it, we could affirm the order of the trial court on that basis.

Affirmed.