Richard JORDAN, M.D. *v.*
CIRCUIT COURT of LEE COUNTY;
The Honorable L.T. Simes, Judge; and Gwendolyn White,
Administratrix of the Estate of Darthula Vaughn

05-1031                                              235 S.W.3d 487

Supreme Court of Arkansas
Opinion delivered May 11, 2006

*Kutak Rock, LLP,* by: *Phil Malcom,* for petitioner.

*Don R. Etherly,* for respondent.

DONALD L. CORBIN, Justice. Petitioner Richard Jordan, M.D., petitions this court for a writ of prohibition, or alternatively, a writ of certiorari, vacating the order of Lee County Circuit Judge L.T. Simes denying his motion to dismiss the third complaint filed against him by Respondent Gwendolyn White, Administratrix of the Estate of Darthula Vaughn. In his petition, Dr. Jordan argues that the circuit court lacks jurisdiction to proceed with this case. In support of his petition, Dr. Jordan argues that White's third complaint is barred (1) by the doctrine of res judicata and Ark. R. Civ. P. 41(b), and (2) due to the pendency of another action, pursuant to Ark. R. Civ. P. 12(b)(8). Because this case is a petition for a writ of prohibition, or in the alternative, writ of certiorari, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We deny the writ of prohibition but grant the writ of certiorari.

On May 25, 2001, White filed her first complaint, CV 2001-62, against Dr. Jordan alleging medical negligence and wrongful death. On December 3, 2001, Dr. Jordan filed a motion to compel discovery after White's failure to respond to Dr. Jordan's interrogatories and requests for production of documents. The circuit court, in its January 18, 2002 order, granted Dr. Jordan's motion, allowed White thirty days to respond, and further provided that failure to comply with the circuit court's order would result in the dismissal of her complaint with prejudice. On January 28, 2002, Dr. Jordan filed a motion to dismiss with prejudice for White's failure to comply with the circuit court's January 18 order. Facing a dismissal with prejudice, White requested and was granted a voluntary dismissal without prejudice.

On February 10, 2003, White filed her second complaint, CV 2003-15-2, against Dr. Jordan. However, White failed to serve this complaint within 120 days as required by Ark. R. Civ. P. 4. White did not move for an extension of time in which to effectuate proper service, but rather, on July 24, 2003, filed a third complaint, CV 2003-90. Both the second and third complaints raised the same allegations as the first complaint against Dr. Jordan.

The present case deals primarily with the events following the filing of the third complaint. Below is a time line of these events:

- July 24, 2003: White filed the third complaint, CV 2003-90.

- November 14, 2003: Dr. Jordan filed a motion to dismiss the third complaint pursuant to Rule 12(b)(8) because of the still-pending second complaint, CV 2003-15-2.

- November 17, 2003: Dr. Jordan answered the third complaint, citing the pendency of another claim between the same parties as an affirmative defense, pursuant to Rule 12(b)(8).

- December 3, 2003: Dr. Jordan filed a motion to dismiss the second complaint for failure to effectuate service within 120 days as required by Rule 4 and asserted that the second complaint should be dismissed with prejudice as provided by Rule 41(b).

- February 19, 2004: Judge Simes entered an order dismissing the second complaint with prejudice.

- October 26, 2004: Judge Simes rescinded his order dismissing the second complaint because the second complaint was actually assigned to Judge Harvey Yates of the Second Division of the Lee County Circuit Court. Also, Judge Simes denied the dismissal of the third complaint because Rule 41(b) was not applicable due to the rescission of the second complaint's dismissal.

- December 17, 2004: Judge Yates entered an order dismissing the second complaint with prejudice, and in so doing, referenced Judge Simes's previous dismissal and rescission.

- January 3, 2005: Dr. Jordan filed a renewed motion to dismiss the third complaint pursuant to Rule 12(b)(8) and res judicata.

- January 7, 2005: The October 26, 2004 order is filed.

- August 22, 2005: Judge Simes denied the renewed motion to dismiss the third complaint stating that the complaint was filed before the dismissal of the second complaint and that the second complaint's dismissal was not pursuant to Rule 41(b). The order also stated that the court cannot retrospectively be denied jurisdiction by Judge Yates's dismissal with prejudice of the second complaint.

In response to the August 22 order, Dr. Jordan filed this petition for writ of prohibition, or in the alternative, for writ of certiorari. He asserts that a legal question exists concerning the circuit court's jurisdiction to hear the third complaint and that the writ of prohibition is appropriate because there is no other remedy, such as an appeal, available to resolve this issue. As stated above, Dr. Jordan asserts that the granting of his petition is proper

because the third complaint is barred by the doctrine of res judicata and Rule 41(b), as well as, pursuant to Rule 12(b)(8), because of the pendency of another complaint. On October 13, 2005, this court directed that the petition be submitted as a case.

First, Dr. Jordan argues that the circuit court is prohibited from entertaining the third complaint as it is barred by the doctrine of res judicata. Specifically, he asserts that the dismissal of the second complaint with prejudice was an adjudication on the merits, pursuant to Rule 41(b), and therefore the circuit court should have dismissed the third complaint with prejudice. Thus, the first issue before this court is whether this rule or the doctrine of res judicata provides an adequate basis for Dr. Jordan's petition for prohibition.[1]

█ It is well settled that a writ of prohibition is an extraordinary writ that is only appropriate when the lower court is wholly without jurisdiction. *Ouachita R.R., Inc. v. Circuit Court of Union County*, 361 Ark. 333, 206 S.W.3d 811 (2005); *Patterson v. Isom*, 338 Ark. 234, 992 S.W.2d 792 (1999). However, a writ of prohibition is never issued to prohibit a circuit court from erroneously exercising its jurisdiction. *Id.*; *Tucker Enterprises, Inc. v. Hartje*, 278 Ark. 320, 650 S.W.2d 559 (1983). We have held that, as an affirmative defense, res judicata presents no question of jurisdiction that provides a basis for which the writ can be granted. *Id. See also Earney v. Brantley*, 309 Ark. 190, 828 S.W.2d 832 (1992); *Arkansas State Hwy. Comm'n v. Munson*, 295 Ark. 447, 749 S.W.2d 317 (1988). In *Tucker Enterprises*, we explained that:

> [T]he petitioners' argument that the two prior dismissals operate as an adjudication on the merits constitutes an attack, not on the court's authority in this action, but on the correctness of its ruling with respect to the defense of *res judicata*. However, it is not the office of the writ of prohibition to test the correctness of the trial court's ruling on the defense of *res judicata*.

*Id.* at 322, 650 S.W.2d at 560. Therefore, we will not grant a writ of prohibition based upon Dr. Jordan's res judicata argument.

Moreover, we will not grant a writ of prohibition in respect to Dr. Jordan's Rule 41(b) argument. Rule 41(b) provides:

---

[1] We would like to take this opportunity to note that, while Rule 41(b) and res judicata are often discussed and treated in similar manners, they are two separate issues.

> In any case in which there has been a failure of the plaintiff to comply with these rules . . . the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution . . . . A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

We have previously denied a request for a writ of prohibition after a lower court has denied the petitioner's motion to dismiss pursuant to Rule 41. *See Davis v. Office of Child Sup. Enforcem't*, 322 Ark. 352, 908 S.W.2d 649 (1995) (noting, on appeal, our previous denial of appellant's petition for writ of prohibition based upon the trial court's denial of his motion to dismiss pursuant to Rule 41). Consequently, Dr. Jordan's arguments that a writ of prohibition should be granted based upon the doctrine of res judicata and the application of Rule 41(b) are without merit.

Dr. Jordan has also petitioned this court for a writ of certiorari, and we agree that a writ of certiorari is the proper remedy for this extraordinary situation. The standard for granting a writ of certiorari is well settled in Arkansas.

> A writ of certiorari is extraordinary relief. In determining its application we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. There are two requirements that must be satisfied in order for this court to grant a writ of certiorari. The first requirement is that there can be no other adequate remedy but for the writ of certiorari. Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or *the proceedings are erroneous on the face of the record.*

*Arkansas Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006) (citations omitted) (emphasis added). *See also Arkansas Dep't of Human Servs. v. Circuit Court of Sebastian County*, 363 Ark. 389, 214 S.W.3d 856 (2005); *Arkansas Dep't of Human Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003). Moreover, "[a] writ of certiorari is a remedy to quash irregular proceedings but only for errors

apparent on the face of the record; not to look beyond the record to ascertain the actual merits of a controversy or to control discretion or to review [a] finding upon facts." *Lupo v. Lineberger*, 313 Ark. 315, 320, 855 S.W.2d 293, 296 (1993) (citing *Hardin, Comm'r of Revenues v. Norsworthy*, 204 Ark. 943, 165 S.W.2d 609 (1942)). *See also Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 26, 159 S.W.3d 285, 290 (2004) (holding that "[c]ertiorari will not be used to look beyond the face of the record to ascertain the actual merits of the controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority.").

■ First, it is readily apparent that Dr. Jordan has no other adequate remedy but for this extraordinary writ as the circuit court's refusal to grant the motion to dismiss was not a final, appealable order. In *Conner v. Simes*, 355 Ark. 422, 429, 139 S.W.3d 476, 480 (2003), we stated that "[t]here is no question that the circuit court's refusal to grant a motion to dismiss was not a final, appealable order; in other words, the order did not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." *See also* Ark. R. App. P.–Civ. 2; *Cigna Ins. Co. v. Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988) (holding that the purpose of Rule 2 is to avoid piecemeal litigation). Furthermore, we will not grant writs of certiorari in situations where the result would effectively enforce piecemeal appellate review. *Conner*, 355 Ark. 422, 139 S.W.3d 476. The present case is the precise situation where a failure to grant the writ *would* result in piecemeal litigation and, thus, the only adequate remedy is this writ. The proceedings thus far have already resulted in piecemeal litigation, and for this court to remand the case to the circuit court would only create further disruption in the legal process.

Lastly, the dissent claims that under our reasoning in this case, any denial of a motion to dismiss based on Rules 4(i), 60, or 41(b) will be subject to review by a writ of certiorari. Specifically, the dissent attempts to characterize this as a case where we are merely reviewing a denial of a motion to dismiss, and that we are opening the floodgates to allow all cases involving the aforementioned rules to be reviewed as a petition for writ of certiorari. This is simply not the case. Here, we are not dealing with just a denial of a motion to dismiss but rather a complex record of proceedings. The present case is an extraordinary situation where the circuit court's order denying Dr. Jordan's motion to dismiss is not an

appealable order, the face of the record reveals that the third complaint was procedurally barred at the outset of the case, and to remand the case would result in further piecemeal litigation. We will not send back a case that should not have been allowed to proceed in the first place, let the circuit court decide the case, and then wait for it to be appealed again.

■ As there is no other *adequate* remedy for this extraordinary situation, we now turn to the second requirement for granting a writ of certiorari. In the present case, it is clear from the face of the record that the proceedings leading up to this petition were patently erroneous. The errors were threefold: (1) the failure to properly serve process of the second complaint in compliance with Ark. R. Civ. P. 4(i); (2) the rescission of the dismissal of the second complaint was invalid, as it violated Ark. R. Civ. P. 60; and (3) the dismissal of the second complaint resulted in an adjudication on the merits, pursuant to Rule 41(b), such that the third complaint should also have been dismissed.

First, the second complaint was not served within 120 days as required by Rule 4, and rather than filing for an extension of time to effectuate process, White filed the third complaint. This court has repeatedly held that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001). Ark. R. Civ. P. 4(i) provides, in pertinent part, that "[i]f service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative." As such, a dismissal under Rule 4(i) is mandatory if service is not made within 120 days of filing the complaint and no motion to extend is timely made. *Id.*

In the present case, White asked for and received a voluntary dismissal of the first complaint. She then filed a second complaint, but service was never made on Dr. Jordan. As such, White failed to comply with Rule 4(i), and dismissal of the second complaint was mandatory.

Second, Judge Simes's October 26 order, rescinding his February 19 dismissal with prejudice of the second complaint, occurred outside the ninety days allowed by Rule 60 to correct an order, and thus was ineffective. Rule 60(a) provides that "[t]o correct errors or mistakes or to prevent the miscarriage of justice,

the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." We have repeatedly held that a trial court loses jurisdiction to set aside or modify an order pursuant to Rule 60 if it does not do so within ninety days of the entry of the original order. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997) (applied prior rule); *City of Little Rock v. Ragan*, 297 Ark. 525, 763 S.W.2d 87 (1989) (applied prior rule). There are some instances where the trial court may modify or set aside its order beyond the ninety-day limitation period contained in Rule 60(a). *See* Rule 60(c). If none of these exceptions apply, the court cannot act outside the ninety-day period and any attempt to do so is invalid. *Ragan*, 297 Ark. 525, 763 S.W.2d 87.

In the present case, on December 3, 2003, Dr. Jordan filed a motion to dismiss the second complaint for failure to effectuate service within 120 days as required by Rule 4 and asserted that the second complaint should be dismissed with prejudice as provided by Rule 41(b). On February 19, 2004, Judge Simes entered an order dismissing the second complaint with prejudice. Eight months later, on October 26, 2004, Judge Simes rescinded his order dismissing the second complaint because the second complaint was actually assigned to Judge Yates and, also, denied the dismissal of the third complaint because Rule 41(b) was not applicable because of the rescission of the second complaint's dismissal. Clearly, the October 26 rescission was outside the ninety-day limitation period allowed by Rule 60. Moreover, nothing from the record indicates that any of the specific exceptions listed in Rule 60(c) are applicable. As such, the October 26 rescission was invalid and the second complaint was effectively dismissed with prejudice on February 19, 2004.

■ This dismissal brings up the third, and most glaring, error that has occurred in this case. Because the second complaint was a dismissal with prejudice, which pursuant to Rule 41(b), resulted in an adjudication on the merits, Judges Simes incorrectly denied Dr. Jordan's motions to dismiss.

As stated above, Rule 41(b) provides that:

In any case in which there has been a failure of the plaintiff to comply with these rules . . . the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution

. . . . A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

"Under Rule 41(b), a second dismissal based on failure to serve valid process shall be made with prejudice where the plaintiff has previously taken a voluntary nonsuit." *Sidney Moncrief*, 353 Ark. at 712, 120 S.W.3d at 531. *See also Bakker v. Ralston*, 326 Ark. 575, 578, 932 S.W.2d 325, 327 (1996) (finding "that when a dismissal is granted for failure to obtain service and the plaintiff has previously taken a voluntary nonsuit, the second dismissal is to be with prejudice."). As such, Rule 41(b) requires that second dismissals operate as adjudications on the merits. *Id*.

In the present case, Judge Simes's February 19 dismissal of the second complaint with prejudice operated as an adjudication on the merits. Because the second complaint and the third complaint are based upon the same facts and events, the third complaint should also have been dismissed. Specifically, Judge Simes erred when he denied the renewed motion to dismiss the third complaint and stated that the second complaint's dismissal was not pursuant to Rule 41(b). Rule 41(b) clearly requires that a subsequent dismissal of an action, after a voluntary nonsuit, is an adjudication on the merits.

Furthermore, Judge Simes's other basis for denying the motion, that the third complaint was filed before the dismissal of the second complaint, has no bearing on whether the third complaint should have been dismissed. When Judge Simes ruled on the renewed motion to dismiss, the second complaint had been dismissed and it was erroneous to proceed with the action. It is well-settled law that a party is precluded from relitigating an issue that has already been decided. *McAdams v. McAdams* 357 Ark. 591, 184 S.W.3d 24 (2004); *Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000). Moreover, the relitigation of a subsequent suit, such as the third complaint, is barred when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involved the same claim or cause of action that was litigated; and (5) both suits involved the same parties. *McAdams*, 357 Ark. 591, 184 S.W.3d 24.

In this case, all of these criteria are met. First, it is clear that the dismissal of the second complaint resulted in an adjudication on the merits pursuant to Rule 41(b). Second, Judge Simes had jurisdiction to hear the second complaint.[2] Third, Dr. Jordan's motion to dismiss the second complaint for failure to comply with Rule 4 is a good-faith contest of the second complaint. Fourth, as stated above, the second and third complaints are almost identical. And fifth, both complaints involve the same parties. As such, the third complaint was barred from relitigation; Judge Simes erred when he denied dismissal of the third complaint; and it would be erroneous to allow the proceedings to continue. We therefore grant the writ of certiorari; the circuit court's order denying Dr. Jordan's motion to dismiss is reversed; and we direct the circuit court to dismiss the case with prejudice.[3] *See State v. Boyette*, 362 Ark. 27, 207 S.W.3d 488 (2005).

Lastly, because we have determined that a writ of certiorari is proper based upon Dr. Jordan's first argument, it is unnecessary to address his alternative argument that the third complaint was barred at the time of filing due to the pendency of the second complaint.

Writ of Prohibition denied; Writ of Certiorari granted.

GLAZE, BROWN, and IMBER, JJ., dissent.

R OBERT L. BROWN, Justice, dissenting. Today's opinion represents a sea change in this court's willingness to hear interlocutory defenses by emergency writ. Heretofore, we have refused to do so where the remedy of appeal was available, whether the interlocutory issue concerned a discovery dispute, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 294 (1995), or preclusion of a trial for wrongful death of an unborn fetus, *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). The clear result of today's opinion is that

---

[2] Judge Simes's statement, in his invalid rescission of his February 19 order dismissing the second complaint, that the case was assigned to Judge Yates has no bearing on whether Judge Simes could make a ruling on the motion to dismiss. *See* Ark. Code Ann. § 16-13-210(a)(1) (Supp. 2005) (stating that "[a]ny circuit judge of this state ... may hear, adjudicate, or render any appropriate order with respect to any cause or matter pending in any circuit court over which he or she presides[.]").

[3] Dr. Jordan has also asked that he be granted his reasonable attorney's fees and expenses paid for this petition. While we decline to grant the award of attorney's fees, costs will be awarded in compliance with Ark. Sup. Ct. R. 6-7.

a door has now been opened for a barrage of emergency writs seeking to prevent trial on various defenses such as res judicata; Rule 41, which is the situation in the instant case; Rule 12(b) matters such as lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, failure to state facts upon which relief can be granted, failure to join a necessary party and pendency of another action; and summary-judgment denials, just to name a few.

While this may initially have a seductive appeal as seemingly nipping an unnecessary trial on the merits in the bud, it runs directly counter to one criterion for writs of *certiorari*, which is that there be no adequate remedy available by appeal. Moreover, it adds another step to the litigation process since we are now sanctioning an emergency procedure, *certiorari*, for hearing inter-locutory issues. No doubt, in the months ahead, *certiorari* will become a commonplace vehicle for raising procedural issues and discovery matters to this court before trial. The bottom line is that this court has now approved piecemeal appeals.

For these reasons, I join Justice Imber's dissent and write only to underscore what has happened today for the benefit of the bench and bar.

GLAZE and IMBER, JJ., join this dissent.

ANNABELLE CLINTON IMBER, Justice, dissenting. A writ of certiorari is extraordinary relief. *Arkansas Dep't of Human Servs. v. Collier*, 351 Ark. 506, 516, 95 S.W.3d 772, 777 (2003). In determining its application we will not look beyond the face of the record to ascertain the actual merits of the controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority. *Id.* The test for determining whether a writ of certiorari lies is two-pronged. First, a writ of certiorari is only available where there is no adequate remedy available to the petitioner but for the writ. *Id.* The second requirement is that it must be apparent on the face of the record (1) that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) that there is a lack of jurisdiction, an act in excess of jurisdiction, or the proceedings are erroneous on the face of the record. *Id.* The majority concludes that Petitioner, Jordan, has met both requirements of the two-pronged test and, thus, a writ of certiorari lies. In doing so, the majority makes short work of conclud-ing that Petitioner has no other adequate remedy at law, completely ignoring the fact that Petitioner has available to him the most basic of remedies, an appeal. For the reasons set forth below, I must respect-fully dissent.

As discussed above, this court has held that extraordinary writs, such as a writ of certiorari, are not available "when there is another adequate remedy, such as an appeal." *Manila School Dist. No. 15 v. Wagner*, 357 Ark. 20, 26, 159 S.W.3d 285, 290 (2004). Additionally, this court has long held that a writ of certiorari cannot be used as a substitute for appeal. *Burney v. Hargraves*, 264 Ark. 680, 682, 573 S.W.2d 912, 913 (1978); *see Cooper Communities, Inc. v. Circuit Court of Benton Cty.*, 336 Ark. 136, 984 S.W.2d 429 (1999). A writ of certiorari will not take the place of an appeal unless the right of appeal has been lost by no fault of the aggrieved party. *King v. Davis*, 324 Ark. 253, 256, 920 S.W.2d 488, 489 (1996).

In *Burney v. Hargraves*, we stated that "we cannot review cases in a piecemeal fashion." *Burney, supra.* In that case, the petitioner sought a writ of mandamus in this court because the trial court failed to enter a default judgment in his favor and because of the lower court's action the petitioner would be compelled to submit to an unwarranted trial. *Id.* This court denied the writ stating, "[i]f the asserted threat of 'an unwarranted trial' were a sufficient basis for declaring the remedy by appeal to be inadequate, then a defendant could always appeal from the trial court's action . . . [bringing] a piecemeal appeal merely testing the correctness of an interlocutory order." *Id.* at 682, 573 S.W.2d at 913; *followed by Connor v. Simes*, 355 Ark. 422, 139 S.W.3d 476.

While the majority is correct in stating that the circuit court's denial of Petitioner's motion to dismiss is not a final and appealable order, by granting a writ of certiorari in the instant case the majority does just what this court has unequivocally stated that it shall not do, allow an extraordinary writ to take the place of an ordinary appeal. The majority seems to have forgotten that under Rule 2(b) of the Arkansas Rules of Appellate Procedure–Civil, "an appeal from a final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment."

Moreover, a survey of our case law reveals that this court has never granted a writ of certiorari based on a circuit court's erroneous denial of a motion to dismiss under any of the following Arkansas Rules of Civil Procedure: Ark. R. Civ. P. 4(i); Ark. R. Civ. P. 60; or Ark. R. Civ. P. 41(b). Instead, all of the cases cited by the majority to support the notion that the circuit court erred in denying the motion to dismiss were actually before this court on appeal. *See, e.g., Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Raymond v. Raymond*, 343

Ark. 480, 36 S.W.3d 733 (2001); *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *Bakker v. Ralston*, 326 Ark. 575, 932 S.W.2d 325 (1996); *Davis v. Office of Child Sup. Enforcem't*, 322 Ark. 352, 908 S.W.2d 649 (1995); *City of Little Rock v. Ragan*, 297 Ark. 525, 769 S.W.2d 87 (1989). Under the majority's reasoning in this case, any denial of a motion to dismiss based on Rule 4(i), Rule 60, or Rule 41(b) will henceforth be subject to review by an extraordinary writ.

Petitioner has available to him the proper and adequate remedy of appeal once the circuit court has made a final order in the instant case. Consequently, he has not satisfied both requirements for obtaining a writ of certiorari and he should not be allowed to avoid a trial by way of a writ. For the above-stated reasons, I would deny the writ of certiorari.

GLAZE and BROWN, JJ., join this dissent.