
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–15–104

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-1<br><br>APPELLANT<br><br>V.<br><br>T. DAVID CARRUTH, CHERYL K. CARRUTH, AND TRU-STAR PROPERTIES, INC.<br><br>APPELLEES | Opinion Delivered: DECEMBER 9, 2015<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. CV-13-154]<br><br>HONORABLE DAVID H. MCCORMICK, JUDGE<br><br>REVERSED |

## KENNETH S. HIXSON, Judge

This case involves a dispute over real property located in Conway County. On May 23, 2014, the trial court entered an order granting summary judgment in favor of appellant Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-1 (Citibank) and against appellee T. David Carruth and his spouse (Carruth). However, on November 25, 2014, the trial court entered an "Order regarding summary judgment motion filed by the plaintiff," wherein the trial court set aside its previous order granting summary judgment.

Citibank now appeals from the November 25, 2014 order, and its primary argument on appeal is that the trial court erred in vacating the summary judgment because more than ninety days had elapsed since entry of the summary-judgment order and the trial court failed to make any findings under Arkansas Rule of Civil Procedure 60(c). We agree, and we reverse.

In October 2005, Richard Huguet purchased certain property in Conway County, financed by a promissory note and a mortgage. Through various alonges, Citibank acquired the right to enforce the note and mortgage.

After Citibank acquired the mortgage, Mr. Huguet executed two quitclaim deeds. In January 2008, Mr. Huguet executed a quitclaim deed conveying a parcel of the property to Tru-Star Properties, Inc. In October 2011, Mr. Huguet executed a quitclaim deed conveying an undivided one-half interest in a parcel of the property to Carruth.

Mr. Huguet subsequently defaulted on the note, and in June 2012, the mortgage was foreclosed by a nonjudicial statutory foreclosure action. A mortgagee's deed was issued in favor of Citibank, reflecting that the property was sold to Citibank to satisfy the indebtedness. However, Citibank had failed to give notice of the foreclosure action to either Tru-Star Properties or Carruth.

Eighteen months later, in December 2013, Citibank filed a complaint for declaratory judgment against Tru-Star Properties and Carruth. In the complaint, Citibank acknowledged that Tru-Star Properties and Carruth were not provided notice of the foreclosure action as required by Arkansas Code Annotated section 18-50-104 (Supp. 2011). Arkansas Code Annotated section 18-50-108(a)(2) provides that a person entitled to notice, but not given notice, shall have the rights of a person not made a defendant in a judicial foreclosure. Citibank asserted in its complaint that the rights of a person not made a defendant in a judicial foreclosure are set forth in Arkansas Code Annotated section 18-49-106, which provides that the person may exercise his equitable right to redeem the property within one year of the sale by payment of the amount for which the property was sold,

together with interest and the cost of the foreclosure sale. Citibank alleged that both Tru-Star Properties and Carruth were placed on record notice of the June 11, 2012, foreclosure sale, and that neither party exercised their equitable right of redemption within one year of that date. Therefore, Citibank requested a declaratory judgment stating that because the defendants failed to exercise their right to redeem the property within one year of the foreclosure sale, their equitable right to redeem could no longer be exercised and the defendants had effectively waived any interest in the property.

Carruth timely answered Citibank's complaint for declaratory judgment.[1] In his answer, Carruth asserted a one-half interest in a parcel of the subject property pursuant to his quitclaim deed. Carruth further asserted that by not being provided notice of the foreclosure, he was not afforded his statutory and constitutionally protected due-process rights to participate and defend against the nonjudicial action. Because notice was not provided, Carruth contended that his interest in the property was not extinguished. Carruth alleged that the mortgagee's deed acquired by Citibank in June 2012 was subordinate to his quitclaim deed of October 2011. Therefore, Carruth claimed that he owned an undivided one-half interest in fee simple to the parcel at issue subject to the inchoate dower of his spouse. Carruth requested that Citibank's complaint be dismissed, that the trial court quiet title in Carruth to a one-half interest in the property, and that the property be sold and the proceeds divided between the parties proportional to their interests.

---

[1] Tru-Star Properties was served with the declaratory-judgment action but never appeared or answered. As a result, a default judgment was entered against Tru-Star Properties and it has no interest in this appeal.

On April 22, 2014, Citibank filed a motion for summary judgment. In its summary-judgment motion, Citibank argued that any interest Carruth had to the property was inferior to Citibank's mortgage, that Carruth's sole remedy was to exercise his right to redeem the property within one year of the foreclosure sale, and that because that right was not timely exercised Carruth had no claim of any kind to the property. Citibank attached exhibits to its motion, and alleged that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Carruth failed to timely respond to Citibank's summary-judgment motion.

On May 23, 2014, the trial court entered an order granting Citibank's motion for summary judgment. That order provides:

> 1. That Plaintiff's certificate of service states that it mailed its Motion for Summary Judgement and Brief in Support Thereof (hereinafter "Motion") to Separate Defendants on April 21, 2014.
> 2. That pursuant to Rule 6(d) of the Arkansas Rules of Civil Procedure (hereinafter "ARCP"), service of the Motion upon Separate Defendants occurred on April 24, 2014.
> 3. That under Rule 56(c) of the ARCP, Separate Defendants had twenty-one (21) days to file their Response to the Motion.
> 4. That as of May 16, 2014, the Office of the Circuit Clerk of Conway County, Arkansas does not have a record of Separate Defendants' Response to Motion being filed of record.
> 5. That the Arkansas Supreme Court has stated that "[i]t is . . . well-settled that once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact." *Flentje v. First National Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).
> 6. That Rule 56(c) of the ARCP is designed to avoid unnecessary trials, and it is mandatory for summary judgment to be granted where no material issue exists.
> 7. That the language of Rule 56(c) is not permissive, but is compelling. Specifically, Rule 56 states that "judgment *shall* be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (emphasis added).

8.    That by failing to file their Response to Motion within twenty-one (21) days as required by the ARCP, Separate Defendants have failed to meet proof with proof, have failed to demonstrate the existence of a genuine issue of material fact, and Plaintiff is entitled to judgment as a matter of law.

9.    That Plaintiff's Motion is hereby granted.

On June 2, 2014, Carruth filed an untimely response to Citibank's motion for summary judgment, asserting that his rights had been violated when he received no notice of the foreclosure proceedings, and alleging that genuine issues of fact existed as to Carruth's interest in the property. Then, on July 3, 2014, Carruth filed a "response to plaintiff's efforts to win summary judgment by default." In that filing, Carruth asserted that there was no requirement that a formal response be made to a motion for summary judgment. Carruth contended that, notwithstanding the fact that he had failed to timely respond to Citibank's summary-judgment motion, Citibank failed to present proof in support of its motion and the order granting summary judgment should therefore be set aside. Citibank filed motions to strike both of Carruth's responses.

On August 8, 2014, the trial court held a hearing. At the hearing, the trial court announced that it was striking both of Carruth's post summary-judgment pleadings as untimely, and that it was not relying on those pleadings. However, the trial court further announced that it was going to set aside the summary judgment. The trial court stated the following:

> I will admit I made a mistake. . . . Just because a response was not filed, there still has to be no facts which are disputed in order to grant summary judgment. . . . I'm going to set aside the summary judgment. It's not based on any pleadings [Carruth] filed, but based on the fact that there is a fact question of an admitted failure to give a record titleholder notice, and that I committed a mistake by not recognizing that in reading the pleadings earlier. . . . I'm making a ruling strictly on the fact that in looking at [Citibank's summary-judgment motion], as I should have in depth, even

SLIP OPINION

though it's uncontroverted, I think there's a question of fact on lack of notice to a known record titleholder. So I'm setting it aside based on that.

On November 25, 2014, the trial court entered an "Order regarding summary judgment motion filed by the plaintiff." This order set aside the trial court's prior summary-judgment order, providing the following explanation:

> The issue then becomes, should the Court have granted Summary Judgment based on the Motion filed by the plaintiff? The answer to that question is no. The Order Granting Summary Judgment reflects that it was issued by the Court due to the failure of the defendants to file a response. Failing to file a response is not the basis upon which an Order for Summary Judgment should be granted. If the moving party has not established a *prima facia* case in its Motion, affidavits and attachments, no response need be filed as there is no proof to be met with proof. That is the case here. Movant's/Plaintiff's Motion did not establish a *prima facia* case for Summary Judgment. Therefore, Respondent/Defendant did not have to meet proof with proof. The rationale of the Order Granting Summary Judgment is that, as the defendants did not respond, the plaintiff's Motion established a *prima facie* case of no genuine issue of material fact. This simply is not the case. From the pleadings filed in the case prior to the Motion for Summary Judgment, the Court finds that there is a genuine issue of material fact to be litigated, namely the issue of notice to the defendants and Summary Judgment was granted in error. In considering the Order of May 23, 2014, the Court did not make a determination that Summary Judgment was appropriate, only that no response had been filed. For these reasons, the Order Granting Summary Judgment is set aside and the Motion for Summary Judgment is denied.

Citibank now appeals from the trial court's November 25, 2014 order, arguing that the trial court erred in vacating its prior order of summary judgment. As a preliminary matter, prior to the submission of this case, Carruth filed a motion to dismiss the appeal, contending that the order from which the appeal was taken was not a final order. In his motion Carruth noted that the litigation has not ended, and Carruth cited *Hutchens v. Bella Vista P.O.A.*, 82 Ark. App. 28, 110 S.W.3d 325 (2003), where we held that ordinarily an order denying a motion for summary judgment is not an appealable order. Carruth's motion to dismiss was passed until submission of the case.

We deny Carruth's motion to dismiss because the November 25, 2014 order is subject to an immediate appeal. Contrary to Carruth's argument, the order on appeal is not an order denying a motion for summary judgment. The trial court *granted* summary judgment to Citibank on May 23, 2014, which was months before the November 25, 2014 order was entered. The November 25, 2014 order effectively vacated and set aside the summary-judgment order. In *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992), our supreme court held that an order vacating a judgment after ninety days is an appealable order because it is the equivalent of an order in an independent action setting aside the judgment. Because the November 25, 2014 order vacated the summary judgment after ninety days, it is an appealable order and we reach the merits of Citibank's appeal.

Citibank's first argument for reversal is that the trial court erred in vacating the summary judgment more than ninety days after entry of the summary-judgment order, asserting that the trial court failed to make any findings in support of setting aside the order under Rule 60(c) of the Arkansas Rules of Civil Procedure. We agree.

Rule 60 provides for relief from a judgment, order, or decree, setting forth the following provisions:

(a) *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

(b) *Exception; Clerical Errors.* Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of any appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days.* The court in which a judgment, other than a default judgment [which may

be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

  (1)  By granting a new trial where the grounds therefor were discovered where the ground is newly discovered evidence which the moving party could not have discovered in time to file a motion under Rule 59(b), upon a motion for new trial filed with the clerk of the court not later than one year after discovery of the grounds or one year after the judgment was filed with the clerk of the court, whichever is the earlier; provided, notice of said motion has been served within the time limitations for filing the motion.

  (2)  By a new trial granted in proceedings against defendants constructively summoned, and who did not appear, upon a motion filed within two years after the filing of the judgment with the clerk of the court, or within one year after a certified copy of the judgment has been served upon the defendant, whichever shall be the earlier, upon security for costs being given; provided notice of the filing of said motion has been served upon the adverse party within the time limitations for filing the motion.

  (3)  For misprisions of the clerk.

  (4)  For misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party.

  (5)  For erroneous proceedings against an infant or person of unsound mind where the condition of such defendant does not appear in the record, nor the error in the proceedings.

  (6)  For the death of one of the parties before the judgment in the action.

  (7)  For errors in a judgment shown by an infant within twelve (12) months after reaching the age of eighteen (18) years, upon a showing of cause.

In this case the trial court concluded, based on the precise same information available to it when it granted Citibank's motion for summary judgment, that it had simply made a mistake in granting summary judgment and that a material issue of fact remained. However, the May 23, 2014 summary-judgment order was not set aside until more than ninety days later, when the trial court entered the November 25, 2014 order now being appealed. Pursuant to Rule 60(a), a trial court's authority to correct mistakes is limited to ninety days from the time the judgment is entered. In setting aside the prior judgment, the trial court made no mention of any clerical error as contemplated by Rule 60(b), nor did it announce

any of the grounds listed in Rule 60(c) for setting aside the judgment after ninety days. Indeed, no such grounds existed.

In *Jordan v. Circuit Court of Lee County*, 366 Ark. 326, 235 S.W.3d 487 (2006), the supreme court stated that there are some instances where the trial court may modify or set aside its order beyond the ninety-day limitation period contained in Rule 60(a). *See* Rule 60(c). However, if none of these exceptions apply, the trial court cannot act outside of the ninety-day period and any attempt to do so is invalid. *Jordan*, *supra*. In *Taylor v. Zanone Properties*, 342 Ark. 465, 30 S.W.3d 74 (2000), the supreme court held that, because there was no evidence to demonstrate changed circumstances and none of the Rule 60(c) conditions had been shown to support the action of the trial court in modifying its judgment beyond ninety days, such modification was null and void.

In the present case, there were no changed circumstances since entry of the order of summary judgment, and none of the grounds listed in Rule 60(c) were either asserted or demonstrated. Therefore, we hold that the trial court erred in setting aside the summary judgment outside of the ninety-day limitation period prescribed by Rule 60(a).

In Carruth's brief, he contends that the trial court's action of setting aside the summary judgment was authorized because, in actuality, the order vacating the summary judgment was made pursuant to Rule 55 and not Rule 60. Rule 55 pertains to default judgments, and Rule 55(c) provides:

> *Setting Aside Default Judgments.* The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a

meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Carruth characterizes the May 23, 2014 summary judgment as a default judgment, and posits that the rules for setting aside a default judgment on account of a mistake contain no time limitations. Therefore, Carruth asserts that the trial court's actions were authorized within our rules.

We cannot agree with Carruth's characterization of the summary-judgment order as a default judgment. Although the summary-judgment order stated that Carruth failed to respond to Citibank's summary-judgment motion, the order further stated that, by failing to file a response, Carruth failed to meet proof with proof, failed to demonstrate the existence of a genuine issue of material fact, and therefore that Citibank was entitled to judgment as a matter of law.

Moreover, Carruth himself stated at the hearing that "there is no such thing as a default summary judgment," and in his motion to dismiss presented to this court he stated that "Rule 56 and the cases make it clear that default is not available to a party moving for summary judgment." These statements are correct. There is a clear distinction between summary judgment under Rule 56 and a default judgment under Rule 55. Rule 55(a) provides that a default judgment may be entered when a party against whom a judgment is sought has failed to plead or otherwise defend as provided by the rules. In this case, Carruth filed a timely answer to Citibank's complaint, so a default judgment would not have been authorized. The summary-judgment order was not rendered on the basis of a failure to respond to the complaint, but rather on the basis that Carruth had failed to meet proof with proof and that Citibank was entitled to judgment as a matter of law. Therefore, despite

Carruth's argument and the trial court's own attempt, in the final order, to characterize the summary judgment as a default judgment, this is not an accurate representation. Rule 55 has no application to summary-judgment proceedings, and therefore the provisions of Rule 60, and not Rule 55, are applicable here. Because the summary judgment was set aside beyond the time parameters permitted by Rule 60, we reverse the November 25, 2014 order and reinstate the May 23, 2014 summary judgment entered in favor of Citibank.

Citibank also argues in the alternative that Carruth failed to assert a valid defense to the action as required by Rule 60(d), and that summary judgment was proper in this case because Carruth failed to exercise his exclusive remedy of redemption. However, because we agree with Citibank's first argument and reverse on that basis, we need not address these alternative arguments on appeal.

Reversed.

GLOVER and HOOFMAN, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*; and *Mickel Law Firm, P.A.*, by: *Kevin D. Rogers*, for appellant.

*T. David Carruth*, pro se appellee.